## FOSSEY *v.* STATE OF INDIANA.

[No. 369S52. Filed May 28, 1970. No petition for rehearing filed.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, and *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged by affidavit on August 4, 1966 on three counts,—second degree burglary, theft and safe burglary. Trial resulted in the conviction of appellant on the charges of second degree burglary and theft. On this appeal, appellant seeks to have the cause dismissed on the ground that his right to a speedy trial was violated under the holding of *Smith* v. *Hooey,* 393 U. S. 374, 21 L. Ed. 2d 607 (1969). Secondly, appellant contends that the proceedings in the trial court were void by virtue of the fact that appellant had filed a petition for removal with the U. S. District Court prior to trial.

For purposes of discussion we shall first determine whether the trial court erred in proceeding to trial notwithstanding appellant's petition for removal. The record shows that counsel for appellant filed a petition for removal in the Federal District Court on December 5, 1968, the same day the trial commenced. The cause has subsequently been remanded to the trial court but not until after the completion of appellant's trial.

It is not clear from the file stamps appearing on the notice of removal or on the copy of the petition for removal at exactly what point in time on December 5th they were filed. However, we note that appellant alleges in his motion for new trial that they were filed *prior* to the commencement of the trial and the state failed to file a counter-affidavit to challenge this allegation. The law appears to be clear that the state court loses jurisdiction at the very latest when service of the removal petition is made on the state court and plaintiff and where it is served prior to trial. *Schuchman* v. *State* (1968), 250 Ind. 408, 236 N. E. 2d 830.

Further, any subsequent proceedings in the state trial court are void while such a petition is pending since that court is without jurisdiction until such time as the cause is remanded by the federal district court. See numerous cases cited at 25 A. L. R. 2d 1040 and in later case service. Consequently it is clear that the state trial court in this case had no jurisdiction at the time in question to proceed with the trial and the proceedings thus had were void. Although we feel bound to hold that the trial court no longer had jurisdiction to try the case once all procedural requirements were fulfilled under the federal removal statute prior to trial, we would note parenthetically that the federal courts could be of great assistance to state courts in the administration of justice by promulgating a rule construing the phrase "prior to trial" found at 28 U. S. C. § 1446 (c) to mean a reasonable time prior to trial, perhaps five days. Such a rule would in no way prejudice the defendant, and at the same time would put state trial courts on adequate notice that the defendant was removing the case so that the trial calendar could be adjusted, etc. As it stands, the rule allows the defendant to disrupt the trial court in the administration of its duties by waiting until the morning of trial to file notice. We see no sound reason for allowing this practice to continue and would encourage the federal courts to consider this suggestion.

Despite our determination on the jurisdictional issue it will be necessary to consider appellant's contention that he was deprived of a speedy trial since our decision on that question will determine whether appellant may, in fact, be retried.

In determining whether appellant's right to a speedy trial has been violated, several issues must be resolved. First, however, it is necessary to understand the sequence of events and the date of each occurrence. As noted above, appellant was charged by Affidavit on August 4, 1966. After appellant's arrest he was transferred from the Jasper County jail to the custody of the Warden of the Indiana State Prison for "safekeeping". On October 27, 1966 appellant's custody was de-

livered to a United States marshal in order that appellant could serve the balance of a sentence imposed as a result of a previous conviction in the federal courts. On May 9, 1967 appellant filed a *pro se* petition for a speedy trial in the Jasper Circuit Court. The cause was set on February 27, 1968, for trial to be held on July 1, 1968. Appellant obtained his first continuance on November 22, 1968, and trial was reset for December 5, 1968.

Recent developments in the law relative to a suspect's right to a speedy trial were noted in *Smeltzer* v. *State* (1970), 254 Ind. 165, 258 N. E. 2d 647. To further clarify the law in this area we would like to here reiterate and expand on the principles there enunciated. The Sixth Amendment right to a speedy trial has been regarded as one of the most basic rights preserved by the Constitution. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213, 18 L. Ed. 2d 1. As noted in the case of *United States* v. *Ewell,* (1966), 383 U. S. 116, 15 L. Ed. 2d 627, the guarantee:

> ". . . is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." 383 U. S. at 120, 15 L. Ed. 2d at 630.

The court in *Ewell* further noted that the right was relative and dependent upon the circumstances, since it was felt that:

> "A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." 383 U. S. at 120, 15 L. Ed. 2d at 631.

Four factors have generally been considered, pertinent by the federal courts in determining whether the right has been denied: length of delay, reason for delay, prejudice to the defendant and waiver by the defendant. *U. S. ex. rel. Von Cseh* v. *Fay* (2d Cir. 1963) 313 F. 2d 620;

*Buatte* v. *U. S.* (9th Cir. 1965) 350 F. 2d 389; *U. S. ex. rel. Solomon* v. *Mancusi* (2d Cir. 1969) 412 F. 2d 88.

Since the case of *Klopfer* v. *North Carolina, supra,* has declared the sixth amendment right to a speedy trial enforceable against the states under the fourteenth amendment, there can be no doubt but what the federal standard, as heretofore outlined, constitutes a minimal standard for the protection of a state defendant's right. In Indiana, however, a defendant's right to a speedy trial, grounded on our own constitutional mandate requiring justice to be administered speedily, has been interpreted as requiring a defendant to be brought to trial within a specified time period. The implementation of this right is currently articulated in the new rules of criminal procedure which read in pertinent part as follows:

"(A)   Defendant in jail. No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge [which ever is later]; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.

(B)   Defendant in jail—Motion for early trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty [50] judicial days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such fifty [50] judicial days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting

attorney shall file a timely motion for continuance as under subdivision (A) of this rule.

(C) Defendant on recognizance—No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one [1] year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except as provided by subdivision (A) of this rule.

(D) Discharge for delay in trial—When may be refused —Extensions of time. If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety [90] days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety [90] days, he shall then be discharged." Rule CR. 4

Quite obviously, the standard imposed on Indiana courts and prosecutors is stricter than that imposed in the federal system since any delay exceeding the specified time limit is considered a *per se* denial of the "speedy trial" right.

An exception to the application of the rules on discharge, recognized by this court, has been in cases where the defendant is seeking a trial on a charge pending while he, at the same time, is in jail on another conviction, whether it be in Indiana, *Bewley* v. *State* (1966), 247 Ind. 652, 220 N. E. 2d 612; *Finton* v. *State* (1963), 244 Ind. 396, 193 N. E. 2d 134, or in another jurisdiction. *State* v. *Hadden* (1967), 248 Ind. 422, 234 N. E. 2d 499. (Although both *Bewley* and *Finton* were decided under the predecessor to the rules on discharge, namely Ind. Ann Stat. § 9-1402 (1956 Repl.), it is clear that their holding is equally applicable to the rules, since the rules superseded the statute in substantially the same language insofar as detention in jail on a charge is concerned.)

In light of the *Smith* v. *Hooey* decision, *supra*, it is now apparent, as we recently held in *Smeltzer* v. *State, supra,* on

petition for writ of mandate, that the above exceptions ▪ to the speedy trial protection afforded an Indiana defendant can no longer be countenanced by this court. The fact that a defendant is in jail on a prior conviction, whether he be in jail in Indiana or another jursidiction, does not vitiate his interest in a speedy trial on the second charge, as was pointed out by the *Hooey* court. In light of the *Hooey* decision, such a defendant clearly has a constitutional right to a speedy trial as does a defendant concerned only with a trial on the charge pending.

In examining the opinion of the court in *Smith* v. *Hooey, supra,* we note the following language:

> ". . . we hold today that the Sixth Amendment right to a speedy trial may not be dispensed with so lightly either. Upon the petitioner's demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the . . . court for trial." 393 U. S. at 383, 21 L. Ed. 2d at 614.

It is apparent from this language that there is now a constitutional obligation imposed upon the states to make, upon demand of an incarcerated defendant, a diligent, good-faith effort to bring him to trial. The absence from that opinion of more specific guidelines by which to determine whether or not a diligent, good-faith effort has been made, imposes upon this court the duty to make that determination.

In the abstract, whether or not a good faith effort has been made to bring an incarcerated defendant to trial clearly depends on the facts and circumstances of each case. ▪ This Court will carefully examine the entire record to make its determination, paying particular attention to: (1) the responsiveness of the State to the defendant's request for an early trial as indicated by the length of time which transpires between the defendant's demand therefor, and the initiation of action by the proper authorities in this State; (2) the procedures followed by the State of Indiana in seeking the release of the accused from the jurisdiction in which he is

incarcerated, and (3) the compliance by the officials of the State of Indiana with the pertinent statutory provisions of the law of this state and of the incarcerating jurisdiction. There clearly is no fixed formula or rule by which to determine whether or not a diligent, good-faith effort has been made, and we do not intend by this opinion to announce one. Rather, we prefer the flexibility of determining on a case by case basis whether, in view of the myriad of factors to consider, such an effort has in fact been made.

Having clarified the law as it relates to the type of case before us where the defendant is incarcerated on a previous conviction, this court must now determine its applicability to the instant case. The question is whether, and to what extent, the principles of *Smith* v. *Hooey, supra,* are to be retroactively applied. Neither *Klopfer* nor *Hooey* give any indication as to the disposition of the U. S. Supreme Court on the question. Prior decisions of that court have extensively dealt with the retroactive application of various constitutional rules. See *Linkletter* v. *Walker* (1965), 381 U. S. 618, 14 L. Ed. 2d 601; *Tehan* v. *Shott* (1966), 382 U. S. 406, 15 L. Ed. 2d 453; *Johnson* v. *New Jersey* (1966), 384 U. S. 719, 16 L. Ed. 2d 882; *Stovall* v. *Denno* (1967), 388 U. S. 293, 18 L. Ed. 2d 1199. Several principles have emerged: there is no constitutional prohibition against making a new judicial rule only prospective in application; the retroactivity or non-retroactivity of the new rule is not automatically determined by the constitutional provision upon which it is based; such factors as the extent to which the old practice affects the integrity of the truth-determining process at trial, the rule's background of precedent, and its impact on the administration of justice must be weighed in making the determination. The criteria guiding the courts in making such a decision is: (1) the purpose to be served by the new standards; (2) the extent of the reliance by law enforcement authorities on the old standards; and (3) the effect on the administration of justice of a retroactive ap-

plication of the new standards. *Stovall* v. *Denno, supra; DeStefano* v. *Woods* (1968), 392 U. S. 631, 20 L. Ed. 2d 1308.

In the instant case, appellant had been tried and convicted prior to the *Hooey* decision, although subsequent to *Klopfer*. The retroactivity of *Klopfer* could never be at issue in Indiana since, as we have already noted, the right to a speedy trial had long been recognized by this court and implemented on a stricter basis than deemed constitutionally necessary by the federal courts. *Hooey*, nevertheless, presents a different question since this court in prior decisions and orders had excepted a defendant incarcerated on a previous conviction from the speedy trial protections. However, we do not feel it necessary or advisable to retroactively apply that decision insofar as such an application would require the discharge of a defendant already tried and convicted on the second charge. To do so would require the release of numerous defendants to whom all rights, as then understood, had been extended by the court and prosecutor. This court is not inclined to mandate such a result until so directed by the United States Supreme Court. We do, however, hold that the principles enunciated in *Smith* v. *Hooey, supra,* and this opinion apply to all defendants now incarcerated on a previous conviction who at this time have charges pending against them.

In view of our decision as it relates to the jurisdictional question and to appellant's right to a speedy trial, this cause is reversed and remanded to the trial court for new trial.

Judgment reversed and new trial ordered.

DeBruler and Givan, JJ., concur. Arterburn and Jackson, JJ., concur in result.

NOTE.—Reported in 258 N. E. 2d 616.