STATE OF INDIANA EX REL. JAY DULL *v.* CIRCUIT COURT OF DELAWARE COUNTY AND THE HONORABLE ZANE STOHLER, SPECIAL JUDGE OF THE CIRCUIT COURT OF DELAWARE COUNTY.

[No. 573S87. Filed October 4, 1973.]

*Jack Quirk,* of Muncie, for Relator.

*David L. Casterline,* Delaware County Prosecuting Attorney, *Geoffrey A. Rivers,* Deputy Prosecuting Attorney, for Respondent.

GIVAN, J.—This is an original action brought by the relator claiming that he has been held in jail more than six months from the date of the filing of criminal charges and asking that this Court mandate his discharge under the authority of Ind. Rules of Proc. Rule CR. 4(A). Relator is the defendant in seven cases in the Delaware Circuit Court, the same being Cause Numbers C72/45, C72/46, C72/47, C72/48, C72/49, C72/50 and C72/51. These separate affidavits were filed in respondent court on May 19, 1972. Relator was arrested on the above causes and arraigned on May 23, 1972.

On June 5, 1972, relator filed a suggestion of insanity in respondent court. Two physicians were appointed to examine relator.

On June 30, 1972, relator moved for a change of venue and to withdraw his plea of not guilty.

On July 25, 1972, relator's motions for change of venue and to withdraw his plea were overruled.

On July 25, 1972, the regular judge of respondent court, Alva Cox, disqualified himself and appointed a panel of judges. From this panel The Honorable Zane Stohler was chosen special judge.

On February 27, 1973, relator moved for a discharge, which motion reads as follows:

"Comes now the defendant in the above-entitled cause, by counsel, Jack Quirk, and says:

"1. The defendant was arrested for this charge on May 19, 1972, and has been held in the Delaware County Jail since May 19, 1972 without trial.

"2. That the defendant has not been responsible for any delay by his act since August 10th, 1972.

"3. That because of the above stated facts the defendant is entitled to be discharged by and because of the terms of Criminal Rule 4(A), of the Indiana Rules of Criminal Procedure.

"WHEREFORE, defendant prays for discharge of the charge herein, and for all other relief right and proper in the premises."

On March 19, 1973, respondent denied this motion.

Relator argues that he was entitled to a dismissal when, through no fault of his own, he was held in jail pending trial for more than six months. The record indicates the trial court based his denial on the fact that relator was in custody on a first degree murder conviction and not on the pending charges. He includes in his authorities *Napiwocki* v. *State* (1971), 257 Ind. 32, 272 N. E. 2d 865, 26 Ind. Dec. 497. In *Napiwocki* the Court held that the defendant was not entitled to discharge because, although he spent several months at the Reformatory after the charge was filed, he was brought to trial within six months after he was returned to jail and arraigned. In the case at bar the relator had already been arraigned prior to the running of the six months' period.

Relator is correct in his observation that CR. 4 was intended to implement Article I, Section 12 of the Constitution of Indiana. See *Easton* v. *State* (1972), 258 Ind. 204, 280 N. E. 2d 307, 29 Ind. Dec. 698.

Relator also cites *Fossey* v. *State* (1970), 254 Ind. 173, 258 N. E. 2d 616, 21 Ind. Dec. 409, for the proposition that violation of Rule CR. 4 is *per se* a denial of the constitutional right to a speedy trial.

In the past this Court has held that CR. 4(A) requires a dismissal if defendant has been incarcerated for six months without trial through no fault of his own. The rule was interpreted in *State ex rel. Curry* v. *Davis* (1968), 251 Ind. 504, 242 N. E. 2d 512, 16 Ind. Dec. 267, when the rule was numbered 1-4D(1).

We, therefore, hold that CR. 4(A) requires that a defendant be discharged upon expiration of a six months' period during which he has been continuously held in jail on a charge without trial when there has been no delay on his part during such time.

It has been brought to the attention of the court that while this cause was pending in this Court relator has been tried and convicted in Cause Number C72/45 in the respondent court. Respondent is, therefore, ordered to set aside said

conviction and to dismiss the remaining causes as indicated in this opinion.

This case in no way affects the incarceration of relator on the first degree murder conviction referred to above.

Writ granted.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 301 N. E. 2d 519.