FRANK STEVEN GILL *v.* STATE OF INDIANA.

[No. 1176S420. Filed November 7, 1977.]

*Bruce S. Cowen,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant was convicted of armed robbery, Ind. Code § 35-12-1-1 (Burns 1975) repealed October 1, 1977,

after a jury trial and sentenced to a determinate term of twenty years imprisonment. His appeal raises three issues: (1) Whether appellant was entitled to be discharged under Ind. R. Crim. P. 4(B) because he was not tried within seventy days of his request for an early trial; (2) Whether admission of photographs of the robbery scene into evidence was improper because they did not accurately depict the scene; and (3) Whether testimony of a police officer that the robbery victim told the officer that he recognized appellant's voice was erroneous as hearsay and as the response to a leading question.

On September 15, 1975, the River Tavern in Fort Wayne was robbed by two men, one armed with a shotgun. Robert Brown, victim of the robbery, recognized the man with the shotgun, despite a stocking over his head, as appellant, who had been in the tavern many times and with whom Brown had played pool. Appellant threatened to shoot Brown, and left with $488.00 from the tavern's cash drawer. Appellant was arrested two days later hiding in a cabinet in his ex-wife's house trailer. While in jail he admitted his guilt to another inmate.

I.

Appellant was arrested on this charge on September 17, 1975, and charged by information on September 24, in the Allen Circuit Court. After delay attributable to appellant, he waived formal arraignment and entered his plea of not guilty on January 26, 1976, and requested a jury trial. On January 29, 1976, appellant filed a motion for an early trial within seventy days pursuant to Ind. R. Crim. P. 4(B). Judge Thieme, a regular judge of the Allen Superior Court, having jurisdiction over this case as special judge held a hearing February 2 to determine whether appellant's trial date could be advanced from June 1, 1976, for which it had been set at appellant's arraignment, to an earlier date. The calendar clerk informed the court that no earlier dates were open, but that civil cases pending for trial could be continued. However, even if this were done "we are not sure of a court-

room either because with all the judges, there wouldn't be a guarantee of a courtroom." The court promised to set appellant's trial first in any opening which might develop provided that a courtroom and jury were available. Otherwise the setting of June 1 was retained.

On April 30, 1976, appellant moved the court to discharge appellant under Ind. R. Crim. P. 4(B) because he had not been tried within seventy days of his early trial request. Such rule provides:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule." Ind. R. Crim. P. 4(B)(1).

The court denied the motion after a hearing at which the court took notice from its records that no scheduled cases had been continued in sufficient time to subpoena witnesses for appellant's trial and that both civil and criminal cases had been tried. Appellant was tried on the first and second of June, 1976.

The trial court relied upon two separate grounds in denying the motion to discharge. The record clearly shows that appellant was not brought to trial within the seventy days from the date of his motion for an early trial as required by the rule and shows that none of the delay from the filing of that motion to the filing of the motion for discharge more than seventy days thereafter was caused by appellant. However, during this entire period, appellant was confined in the Indiana State Reformatory serving an unrelated sentence for burglary as well as awaiting trial on this armed robbery charge. The trial court concluded that

the fact that appellant was serving this sentence precluded his invocation of Criminal Rule 4(B), because he had not been "held in jail" on the pending armed robbery charge since filing his early trial motion as required by the rule. This conclusion trenches upon this Court's decisions in *State ex rel. Johnson v. Marion Criminal Court,* (1973) 261 Ind. 244, 301 N.E.2d 518, and *State ex rel. Dull v. Delaware Circuit Court,* (1973) 261 Ind. 248, 301 N.E.2d 519. In those cases the principle was established that a criminal defendant in this State could invoke the protection of Criminal Rule 4 against a pending charge, if after arraignment on such charge he is either incarcerated or kept under recognizance. The fact that incarceration during such post-arraignment period may also be required by an order in another case does not render Criminal Rule 4 inapplicable. Here appellant was arraigned three days before the motion for early trial was filed and therefore the trial court's denial of the motion for discharge cannot be supported upon the basis of the fact that appellant was serving an old sentence for burglary at the same time he was awaiting trial on this charge.

The trial court also concluded that the delay in trial beyond the seventy day period commenced by the early trial motion was justified by congestion of the court calendar. Appellant contends that the trial court could not properly consider such congestion because the prosecutor filed no motion presenting that matter to the trial court as required by the rule. The absence of the motion has no such preclusive effect. The decision in *Harris v. State,* (1971) 256 Ind. 464, 269 N.E.2d 537 makes it clear that the trial judge may note trial docket congestion on his own motion and act directly upon it even though the prosecutor does not present the required motion. *Tyner v. State,* (1975) 166 Ind. App. 45, 333 N.E.2d 857.

At the time the early trial motion was made, the trial calendar was full and could accommodate no further settings. Appellant concedes this, but contends that such calendar did

not result in "congestion" within the meaning of that term in the rule, because it was made up of a mixture of both civil and criminal settings. Appellant's point is that civil settings must give way to criminal settings required by our speedy trial rule.

Criminal Rule 4 exists in order to implement the basic right to speedy trial of those accused of crime and who are therefore in confinement or restrained on recognizance. *Liese* v. *State*, (1953) 233 Ind. 250, 118 N.E. 2d 731. Criminal justice must be administered by the courts with the highest regard for this constitutional right. *Klopfer* v. *North Carolina*, (1967) 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. On the other hand the civil litigant has a highly valued right to access to the courts and to have a case handled with reasonable dispatch. The loss suffered by a civil litigant from a continuance of a firm trial setting can be substantial. No resolution of the competition between these interests which we have considered leaves us without a feeling of disquietude. However, in our hierarchy of constitutional values, the right of the accused to a speedy trial stands higher than similar rights of civil litigants. Therefore, civil settings must give way to criminal settings required by the time limitations in Criminal Rule 4, where the continuance of the civil trial will result in sufficient time to fully prepare for and accommodate the criminal trial.

In the case before us, the continuance of civil cases set for trial during the seventy day period would not necessarily have accommodated the trial of appellant's case. The calendar clerk advised the judge that the continuance of civil matters would not guarantee a courtroom and jury for a trial of appellant's case. Under these circumstances it was not necessary for the trial judge to set off previously scheduled civil matters at the time of his ruling on February 2, in response to the motion for early trial. The retention of the June 1 trial date was therefore fully justified by the congested calendar determination made at that time.

On February 2, the trial court also promised to set appellant's trial during the seventy day period if an appropriate opening in the trial calendar developed, and later on in denying discharge noted that no such opening had occurred. We therefore find that the trial court correctly denied the motion for discharge for delay in trial because of the absence of time to try him as a result of the congestion of the court calendar.

## II.

Appellant challenges the admissibility of four photographs depicting the River Tavern. These photographs were authenticated by the tavern's proprietor, Robert Brown. The prosecutor stipulated that they were taken with flashbulbs. Appellant urges that this use of artificial lighting rendered the photographs misleading by exaggerating the level of lighting present at the time and place of the robbery.

Generally "for a photograph to be admissible it is first necessary to establish that it is a true and correct representation of the thing which it intends to portray." *McCurdy* v. *State,* (1975) 263 Ind. 66, 76, 324 N.E.2d 489, 496; *Johnson* v. *State,* (1972) 258 Ind. 648, 655-56, 283 N.E.2d 532, 536. However not every discrepancy between a photograph and its subject warrant the photograph's exclusion; few photographs would ever be admitted under so stringent a requirement. In *Hubble* v. *State,* (1973) 260 Ind. 655, 299 N.E.2d 612, several photographs were admitted showing the scene of a burglary, over the defendant's objection that the photographs, taken more than three months after the burglary, showed more extensive foliage than existed at the time of the burglary. "The fact that some conditions had changed at the time photographs were taken does not necessarily render the photographs inadmissible, but the changes, if material, should be explained in such a way that the jury would not be misled. 3 Jones on Evidence § 17:53 (6th ed. 1972) and cases cited therein." 260 Ind. at 657, 299

N.E.2d at 614. Appellant's preliminary questions of Mr. Brown forcefully emphasized the likelihood that the photographs were "brighter" than the scenes depicted. It is a matter of common knowledge that a certain level of lighting is necessary to photography, and that photographs do not accurately depict the intensity of lighting in the scenes photographed. We cannot perceive that the exhibits were misleading in this regard, and they were useful to the jury in that they depicted the physical surroundings in which the robbery took place. The trial court did not err in admitting the photographs.

## III.

During his cross-examination of Detective Anspach, a State's witness, appellant questioned the detective about the description of the robbers given by the victim, Robert Brown. On redirect the prosecutor inquired whether Brown had said anything about the robber's voice. Over appellant's objection that the question was leading, Anspach answered that Brown told him that he recognized the robber's voice as appellant's.

On appeal appellant seeks to argue that this testimony was inadmissible as hearsay, a ground of objection differing from that offered at trial. This Court will not, ordinarily, consider allegations of error different from those presented to the trial court. *Rinard* v. *State,* (1976) 265 Ind. 56, 351 N.E.2d 20.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 368 N.E.2d 1159.