ATTORNEY FOR APPELLANT

Gregory L. Caldwell

Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Pamela Carter

Attorney General of Indiana

Meredith J. Mann

Deputy Attorney General

Indianapolis, Indiana

IN THE

SUPREME COURT OF INDIANA

)

FLOYD P. POORE, )

)

Appellant (Defendant below), ) Indiana Supreme Court

) Cause No. 29S05-9708-PC-470

v. )

) Indiana Court of Appeals 

STATE OF INDIANA, ) Cause No. 29A05-9502-PC-42

)

Appellee (Plaintiff below). ) 

)

­

APPEAL FROM THE HAMILTON CIRCUIT COURT

The Honorable Dennis D. Carroll, Special Judge

Cause No. 29C01-8304-CF-016

­

ON PETITION TO TRANSFER

BOEHM, Justice.

This case presents the narrow question whether the time limits prescribed by Indiana Rule of Criminal Procedure 4(B) apply to a retrial of a habitual offender finding.  Because we hold that the time limits are applicable, we grant transfer, vacate the habitual offender finding and accompanying sentence enhancement, and reverse for further proceedings consistent with this opinion.

 
Factual and Procedural Background
 

On April 6, 1983, defendant Floyd P. Poore set out with Herbert Goodwin to commit a burglary.  The two stole several items from a house in rural Hamilton County, but were arrested soon after making their getaway.  Poore has been in continuous custody since that day.  On April 7, 1983, Poore was charged with aiding, inducing, or causing burglary; and aiding, inducing, or causing theft.  Later that year, a jury convicted Poore on both counts and found him to be a habitual offender.  On December 22, 1986, this Court reversed the convictions and ordered a new trial.  
Poore v. State
, 501 N.E.2d 1058 (Ind. 1986).  On November 13, 1987, Poore was again convicted of aiding, inducing, or causing burglary, but was acquitted on the theft charge.  This jury also found him to be a habitual offender.  The trial court sentenced Poore to twenty years enhanced by thirty years for the habitual offender finding, for a total term of fifty years imprisonment.  The Court of Appeals affirmed.  
Poore v. State
, 577 N.E.2d 277 (Ind. Ct. App. 1991) (unpublished table decision).  

In 1990, a postconviction court vacated Poore’s 1970 conviction for theft, which was one of the predicate felonies used to support Poore’s habitual offender enhancement.  On October 24, 1991, Poore filed a “motion to correct erroneous sentence” in which he attacked the enhancement as invalid due to the vacation of one of its predicate felonies.  Finding that this was not the proper procedural mechanism for Poore’s claim, a trial court denied the motion.  The Court of Appeals upheld this determination on the merits, but remanded and ordered that Poore’s motion be dismissed without prejudice so that Poore could challenge the enhancement in postconviction relief.  
Poore v. State
, 613 N.E.2d 478 (Ind. Ct. App. 1993).

On November 30, 1993, Poore petitioned for postconviction relief on the ground that the habitual offender enhancement was no longer valid as a result of the vacation of the 1970 theft conviction.  On April 11, 1994, the postconviction court granted Poore’s petition for relief, vacated the enhancement, and ordered the habitual offender count set for retrial.  On May 10, 1994 Poore, acting pro se, moved for a speedy trial and asserted that he had a right under Criminal Rule 4(B) to a trial within seventy days.
(footnote: 1)  On May 16, 1994, the court set the case for trial on August 9, 1994 -- ninety-one days after Poore’s May 10th motion.  On June 6, 1994, Poore objected to this trial date, noted the date of his speedy-trial request, and again demanded an early trial under Rule 4(B), but the motion was denied.  On July 12, 1994, Poore filed yet another pro se motion objecting to the August trial date and asserted: “Under no circumstance do I want or ask for a continuance . . . . Under the Indiana Rules of Criminal Procedures [sic] the seventy (70) day of limitation imposed by Rule 4(B) applies to me.”   

On July 19, 1994 -- seventy days after his speedy trial request -- Poore filed a motion for discharge in which he argued that he was being incarcerated illegally.  Poore contended that, as of April 6, 1993, he had completely served his sentence on the underlying burglary conviction and therefore was being held only under the vacated enhancement.  The trial court orally denied the motion from the bench on the first day of the retrial.  At that point, an attorney had been appointed to represent Poore.  In a colloquy with the court on the first day of trial, counsel maintained that Rule 4 should have been available to Poore because he was incarcerated and being tried under an information.  The court rejected this argument and stated that Poore’s speedy-trial request under Rule 4(B) was “somewhat dubious” because, in the court’s view, the seventy-day time limit did not apply to retrials.  On August 10, 1994, a jury found Poore to be a habitual offender.  On October 21, 1994, the trial court sentenced Poore to twenty years on the burglary charge enhanced by thirty years for the habitual offender finding.  The court gave Poore 4219 days credit for continuous time served since April 6, 1983.  Poore appealed and the Court of Appeals affirmed.  
Poore v. State
, 660 N.E.2d 591 (Ind. Ct. App. 1996), 
reh’g
 
denied
.      

Applicability of Criminal Rule 4(B)
  

Indiana Rule of Criminal Procedure 4(B) provides that “[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion[.]” Ind. Crim. Rule 4(B)(1).  The Rule then details a number of conditions that excuse the failure to bring the defendant to trial within seventy days.  Concisely stated, the exceptions are (1) the defendant caused the delay; or (2) the court’s calendar was too congested to hold the trial during that time.  
Id.
; 
Jackson v. State
, 663 N.E.2d 766, 767-68 (Ind. 1996).  There are no signs in the record that either of these exceptions explains the delay in this case and the parties do not contend otherwise.  If the trial court had made a finding of congestion as required by Rule 4(B), that determination would be presumed to be valid on appeal.  
Clark v. State
, 659 N.E.2d 548, 552 (Ind. 1995).  However, this did not occur and Poore, far from delaying the proceeding, appears to have done all he could to expedite it.  The State does not contend that Poore’s motion was untimely.  Poore argues that he was entitled to the benefit of Rule 4(B) and that he must be discharged because the Rule was not complied with here.  The State responds that Rule 4(B) does not apply to retrials and that Poore, in any event, received a trial within a reasonable time.
(footnote: 2) 

The Court of Appeals, with one judge dissenting, held that Rule 4(B) was not available to Poore because the rule is inapplicable to sentencing proceedings.  
Poore
, 660 N.E.2d at 594-95.  In reaching a different result today, we emphasize function over form.  A habitual offender determination, although relating to sentencing in terms of its result and technically not a separate offense, is a pending criminal proceeding that has several hallmarks of a trial.  And the restraint on Poore’s liberty that was imposed pending the outcome of that determination is precisely why Rule 4(B) guarantees a speedy trial to an incarcerated defendant.

A.  
Text of Rule 4(B)

First we deal with the plain language of the Rule.  The parties have not directed us to any cases, and the Court of Appeals cited none, elaborating the meaning of the phrase “held in jail on an indictment or affidavit” as used Rule 4(B).  Although not entirely without ambiguity, this element clearly contemplates a defendant in custody on a pending criminal charge.  Poore’s circumstances satisfied this requirement.  Indeed, the State maintained at trial that Poore was being tried under the original information that was filed in 1983.  This issue arose in the context of Poore’s contention, originally made in his motion to discharge and renewed at trial, that a new information had to be filed and a new arraignment had to be held on the habitual offender count.  The trial court denied Poore’s motion on the ground that Poore was being tried under the original information and had been arraigned when he was first charged.  The court referred to the habitual offender retrial as a “continuation” of the initial prosecution.  At the State’s request, the vacated 1970 theft conviction was stricken from the information and the trial proceeded under the information as amended.  We agree with the dissent that Poore was “being held upon the habitual charge as set forth in the indictment or information.”  
Poore
, 660 N.E.2d at 597 (citation omitted). 

The more vexing question is whether the retrial of the habitual offender count was a “trial” within the meaning of Rule 4(B).  We find no authority on what constitutes a “trial” in this context and application of Rule 4(B) to habitual offender proceedings is a question of first impression in Indiana.  Nonetheless, this issue is decided against the backdrop of several settled and basic principles.  For example, it is well established that a habitual offender finding is neither a separate offense nor a separate conviction.  Rather, it is merely an enhancement of a sentence for one felony due to the defendant’s commission of at least two prior unrelated felonies.  
See
, 
e.g.
, 
Griffin v. State
, 439 N.E.2d 160, 165 (Ind. 1982), 
modified
 
on
 
other
 
grounds
 
by
 
Bailey v. State
, 472 N.E.2d 1260 (Ind. 1985), 
reh’g
 
denied
.  Although habitual offender proceedings ultimately relate to the length of the sentence, the determination that a defendant is a habitual offender carries with it certain protections normally associated with trials.  One feature is the heightened burden of proof; the State must prove the existence of two prior unrelated felony convictions beyond a reasonable doubt.  
Ind. Code
 § 35-50-2-8(d) (Supp. 1995).  As the Court of Appeals here observed, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars reprosecution of a habitual offender charge where the State has failed to prove that status due to insufficient evidence.
(footnote: 3)  
See
, 
e.g.
, 
Bell v. State
, 622 N.E.2d 450, 456 (Ind. 1993), 
reh’g
 
denied
.  And evidentiary protections apply to the extent they are implicated in a habitual offender proceeding.  
See
, 
e.g.
, 
Straub v. State
, 567 N.E.2d 87, 93-94 (Ind. 1991) (copies of fingerprint cards were admissible under business records exception to the hearsay rule); 
Kelly v. State
, 561 N.E.2d 771, 775 (Ind. 1990) (“Here a person’s liberty for 30 years is at stake.  Considering the possibility of undetected mistake or inadvertence, the law of evidence wisely favors the enhanced assurance of accuracy, reliability, and integrity . . . that is provided by the requirement of an individualized original certification of authenticity.”) (footnote omitted); 
Cornett v. State
, 536 N.E.2d 501, 505-06 (Ind. 1989) (documents admitted during habitual offender phase of trial were irrelevant and should not have been admitted, but error was harmless); 
cf.
 
Mayo v. State
, 681 N.E.2d 689, 693 (Ind. 1997) (citing Indiana Evidence Rule 201 as authorizing judicial notice in habitual offender proceeding).  In contrast, the Indiana Rules of Evidence explicitly exclude sentencing hearings from their scope.  Ind. Evidence Rule 101(c)(2).  

In sum, even though a habitual offender determination does not affect guilt or innocence of the underlying crime, it resembles and is treated like a trial in important ways.  The panoply of rights and protections accorded an accused repeat offender reflects the seriousness of the charge.  As we observed in 
Griffin
: “[T]he potential for an additional thirty year sentence requires the same procedural safeguards as those required for any other charge that takes away an individual’s liberty.”  
Griffin
, 439 N.E.2d at 163 (reaffirming that habitual offender allegation must be made by sworn affidavit in the charging information).  We hold today that a habitual offender determination is a “trial” within the meaning of Rule 4(B).  We express no opinion on whether a habitual offender hearing is a trial for any other purposes.

B.  
Policy considerations
 

Today’s result is also guided by well established rationales underlying the right to a speedy trial.  In holding that Rule 4(B) was not available to Poore, the Court of Appeals majority reasoned that Poore was being held before the retrial not under the enhancement but pursuant to the underlying felony.  
Poore
, 660 N.E.2d at 594-95.  As the dissent observed, this has some doctrinal appeal.  
Id.
 at 597.  Even assuming, however, that Poore would have been in jail anyway due to his sentence on the burglary conviction, he still would have been entitled to the benefit of Rule 4(B).  In 
Fossey v. State
, 254 Ind. 173, 179-80, 258 N.E.2d 616, 619 (1970), we concluded that judicially-created exceptions to the availability of Rule 4 for a defendant “seeking a trial on a charge pending while he, at the same time, is in jail on another conviction” could no longer be maintained in light of U.S. Supreme Court precedent.  Without citing 
Fossey
, 
Gill v. State
, 267 Ind. 160, 164, 368 N.E.2d 1159, 1161 (1977) reiterated this proposition: “The fact that incarceration during such post-arraignment period may also be required by an order in another case does not render Criminal Rule 4 inapplicable.”  
See
 
also
 
Smith v. State
, 267 Ind. 167, 170-71, 368 N.E.2d 1154, 1156 (1977) (discussing 
Fossey
 and holding that Rule 4(B) was available to a defendant incarcerated on another charge only if the defendant was in “exclusive control of the State of Indiana”).  We recently implicitly reaffirmed this aspect of Rule 4(B) in 
Jackson
, which ordered that the defendant be discharged due to failure to comply with the Rule’s time limits.  In that case, Jackson was serving a sentence on unrelated charges at the time he demanded and failed to receive a speedy trial.  
Jackson
, 663 N.E.2d at 768.      

Although 
Fossey
, 
Gill
, and 
Jackson
 each involved an accused who requested a speedy trial on one charge while being jailed on another, rather than the “continuation” of one prosecution as in this case, this is a distinction with little effective difference here.  Those cases stand for the proposition that incarceration due to the pending charge at issue need not be the only reason the defendant is in jail at the time the speedy trial is requested under Rule 4(B).  Stated another way, restraint on liberty is one policy underlying Rule 4(B), but it is not the only policy.  There is also the anxiety and humiliation that can accompany public accusation.  These considerations are unrelated to whether the accused is incarcerated on other grounds at the time the speedy trial is demanded.  Equally importantly, a prompt trial enables a defendant to make his or her case before exculpatory evidence vanishes or becomes stale.  The Court of Appeals majority concluded that the difficulties caused by the passage of time can only benefit the defendant by making the State’s proof more difficult.  
Poore
, 660 N.E.2d at 595.  That is likely true in most cases, but one can imagine scenarios where, for example, mistaken identity or alibi are in issue and the dimming of memories operates to the defendant’s disadvantage.      

Poore claims, without documenting the point, that under the credit-time rules, 
Ind. Code
 § 35-50-6 et seq., he would have been released from prison on the underlying burglary conviction 
before
 he was retried as a habitual offender in August of 1994.  As of April 6, 1993, Poore had served half of his sentence for burglary.  Between that date and April 11, 1994 -- the day the habitual offender enhancement was set aside -- Poore asserts that he was serving time under the enhancement only.  Thus, between the time the enhancement was vacated and the jury’s habitual offender finding four months later, Poore was at least possibly in jail only because of the pending habitual offender proceeding.  The Court of Appeals majority discussed some of the policy considerations underlying the right to a speedy trial, but notably absent was this possible restraint on Poore’s liberty.  The most fundamental consideration underlying Rule 4(B) is that the State cannot hold an accused indefinitely: “The purpose served by Crim.R. 4(B) is to prevent a defendant from being detained in jail for more than 70 days after requesting an early trial.”  
Williams v. State
, 631 N.E.2d 485, 486 (Ind. 1994), 
reh’g
 
denied
.  Nor may the State hold a pending charge over the defendant’s head.  To the contrary, if the accused demands a speedy trial, the State must proceed, subject to certain exceptions in Rule 4(B) not applicable here.  Accordingly, we hold that the time limits for a speedy trial provided for in Rule 4(B) apply to a retrial of a habitual offender enhancement. 

The State has the prerogative to punish repeat offenders more harshly than other criminals.  Recidivist sentencing statutes have been employed in all fifty states and have withstood a number of constitutional challenges.  
See
 
Parke v. Raley
, 506 U.S. 20, 26-28, 113 S.Ct. 517, 521-22, 121 L.Ed.2d 391, 401-02 (1992) (discussing state interest in punishing habitual criminals and legal challenges to recidivism statutes).  Nonetheless, much of a defendant’s future turns on the outcome of a habitual offender proceeding.  The possibility of as much as an additional thirty years added to the sentence for the underlying felony could effectively translate into life imprisonment in some cases.  A long line of precedent has made clear that society may hang this dark penal cloud over repeat offenders.  However, defendants are entitled to a reasonably prompt adjudication of this determination, especially where, as here, it is possible that the offender is being held on no other charge.  The potential severity of the outcome is all the more reason to enable an accused repeat offender to make the State prove its case within seventy days as Rule 4(B) provides.

This case does not involve the constitutional right to a speedy trial guaranteed by the Indiana and Federal Constitutions.  Rule 4(B) is intended to implement the constitutional right, 
Clark
, 659 N.E.2d at 551, but has some important differences.  Notably, we recently held that the seventy-day time limit prescribed by Rule 4(B) is a bright line rule.  Prejudice to the defendant in effect is presumed and balancing is not part of the analysis.  
Jackson
, 663 N.E.2d at 770.  The State may deprive criminal suspects of their liberty pending the outcome of an unresolved criminal charge, but it must comply with Rule 4(B) in doing so.  Without the incentive Rule 4(B) provides for prompt adjudication of criminal prosecutions, an accused could languish in jail essentially at the mercy of judicial or prosecutorial discretion, protected only by the more opaque contours of the constitutional right to a speedy trial.  Poore may be a habitual offender on the merits, and he may not have been substantially prejudiced by the delay of a few weeks, but those are not the dispositive issues today.  As in 
Jackson
, Poore did not receive the speedy trial he asked for and was entitled to under Rule 4(B).  Because none of the Rule’s exceptions excuse or explain the delay, the only remedy is discharge.  
Id.
               

Conclusion

Transfer is granted.  The habitual offender determination and accompanying sentence enhancement are vacated.  This cause is remanded to the trial court for further proceedings consistent with this opinion.  The judgment of the Court of Appeals is summarily affirmed with respect to all other issues.  Ind. Appellate Rule 11(B)(3).      

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

Attorneys for Appellant

Gregory L. Caldwell

Noblesville, Indiana

Attorneys for Appellee

Pamela Carter

Attorney General of Indiana

Meredith J. Mann

Deputy Attorney General

Indianapolis, Indiana

IN THE

INDIANA SUPREME COURT

FLOYD P. POORE,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

)

) Supreme Court No.

) 
29S05-9708-PC-470

)

) Court of Appeals No.

) 29A05-9502-PC-42

)

)

)

APPEAL FROM THE HAMILTON CIRCUIT COURT

The Honorable Dennis D. Carroll, Special Judge

Cause No. 29C01-8304-CF-016

ON PETITION TO TRANSFER

SULLIVAN,  Justice, dissenting.

Although addressing itself to the readjudication of habitual offender status after reversal on appeal, Justice Boehm's opinion appears to stand for the proposition that reprosecution of a criminal charge after reversal on appeal is subject to the requirements of Ind. Criminal Rule 4(B).  To the extent that the opinion so holds, I dissent.  Criminal Rule 4(B) makes no reference to holding a criminal defendant for reprosecution after reversal and I do not believe that we should read such a requirement into the rule.  This contrasts to our Crim.R. 12(D)(1) which specifically provides that that rule is applicable to cases “remanded for a new trial by the Supreme Court or Court of Appeals.”  
Cf.
  Colo. Rev. Stat. § 18-1-405(2) (1986) (“If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.”).

As the majority opinion discusses, two of the most frequently mentioned justifications for the speedy trial rule are to prevent undue and oppressive incarceration prior to trial and to minimize anxiety and concern accompanying public accusation.  
United States v. Ewell
, 383 U.S. 116, 120 (1966).  Criminal Rule 4(B) addresses those concerns by requiring the state to be in a reasonably good position to try its case against the accused at the time charges are filed.  For if the State is not ready to go to trial, the defendant can exercise his or her rights under the rule and secure discharge.  The rule, then, serves to prevent criminal charges from hanging over the head of an accused for extended periods of time while the State assembles its case, all the while subjecting the defendant to undue and oppressive incarceration, anxiety and concern.  But because the State picks the date on which charges are filed, the State is in the position of making the judgment, at the time charges are filed, as to whether it will be ready to try the case in 70 days if the accused so demands.

All of this works differently for retrials.  No longer is the prosecutor able to start the clock leading to trial; the court on appeal effectively initiates the time period leading up to reprosecution.  While it is certainly true that the State is to some degree prepared for any reprosecution by virtue of the fact that it prosecuted the same case before, it cannot realistically be said that the situations are the same.  Several years at least will have passed since the original trial.  (Almost eleven years had passed here.)  Personnel in the prosecutor's office may be different, to say nothing of the availability of witnesses and evidence.  And, of course, the local prosecutor has little basis for knowing when the court on appeal will rule.

Other jurisdictions have held that their court-promulgated speedy trial rules do not apply to the reprosecution of criminal charges after reversal on appeal.  
See
 
State v. Girts
, 1997 WL 321109 *7-8 (Ohio App. June 12, 1997); 
Donalds v. State
, 434 A.2d 581 (Md. 1981), 
aff'g
 
Donalds v. State
, 430 A.2d 113, 115 (Md. App. 1981).  I would follow the same rule for our state.

The defendant who secures reversal of his or her conviction on appeal still enjoys the right to a speedy trial under both the United States and Indiana Constitutions.  These rights are delineated in 
Barker v. Wingo
, 407 U.S. 514 (1972), and 
Fortson v. State
, 269 Ind. 161, 168, 379 N.E.2d 147, 152 (1978).  Furthermore, a criminal defendant who secures reversal of a conviction or sentence on appeal enjoys a federal due process right against vindictiveness or retaliation which could well be violated if reprosecution after reversal on appeal is unreasonably delayed.  
Cf.
 
North Carolina v. Pearce
, 395 U.S. 711, 725 (1969) (Due Process Clause “requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.”).  I believe these constitutional provisions provide sufficient protection in the circumstance at issue here.  To the extent they do not, I believe we should change our rule, not by case law, but by an amendment that would take into account the differences between the original trial and reprosecution.

FOOTNOTES
1:  
This apparently was Poore’s second motion for an early trial under Rule 4(B).  His first motion is file-stamped in the record as received by the Hamilton County Clerk’s Office on April 25, 1994.  For reasons that are not explained, Poore filed a second motion on May 10, 1994.  We need not determine which motion started the seventy-day clock running because even if it was the latter, Poore’s habitual offender proceeding was not held within seventy days of May 10, 1994. 

2:  
The trial court denied Poore’s motion for a speedy trial under Rule 4(B) on the ground that the Rule did not apply to retrials.  In its trial brief opposing Poore’s motion, the State cited several cases dealing with application of Rule 4(C) to retrials.  
See
 
State ex rel. Brumfield v. Perry Circuit Court
, 426 N.E.2d 692 (Ind. 1981); 
O’Neill v. State
, 597 N.E.2d 379 (Ind. Ct. App. 1992), 
trans.
 
denied
.  The trial court found these cases dispositive of Poore’s motion.  Again citing 
Brumfield
 and 
O’Neill
, the State renews this argument here.  Rule 4(C) in general imposes a one-year limit on detention before trial, subject to certain exceptions, and does not require a motion by the defendant.  The decisions holding Rule 4(C) inapplicable to retrials are not on point.  Rule 4(B) applies to retrials so long as the defendant makes a Rule 4(B) request after the retrial has been ordered.  
Young v. State
, 482 N.E.2d 246, 249 (Ind. 1985) (holding that Rule 4(B) is available to defendant when retrial occurs after a mistrial); 
State v. Roth
, 585 N.E.2d 717 (Ind. Ct. App. 1992) (following 
Young
 in upholding grant of motion to discharge for failure to hold retrial within time prescribed by Rule 4 (B)).         

3:  
This is to be distinguished from settled law holding that the act of enhancing a sentence on recidivism grounds does not constitute double jeopardy.  
See
, 
e.g.
, 
Marsillett v. State
, 495 N.E.2d 699, 705-06 (Ind. 1986); 
Hall v. State
, 273 Ind. 507, 515, 405 N.E.2d 530, 536 (1980).  The difference is that a sentence enhancement is not a second punishment or prosecution for the predicate felonies on which the enhancement is based.  However, the State gets only one opportunity to present sufficient evidence to support the enhancement.