In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1657

Elijah Moore,

Petitioner-Appellee,

v.

Ron Anderson, Superintendent,
Indiana State Prison,

Respondent-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 96 C 665--Allen Sharp, Judge.

Argued November 4, 1999--Decided June 5, 2000

Before Manion, Kanne and Evans, Circuit Judges.

Kanne, Circuit Judge.  In 1983, an Indiana state court jury convicted Elijah Moore of four counts of robbery and determined that he was a habitual offender. The state trial judge sentenced Moore to twenty years imprisonment on each robbery count, with the terms to run concurrently, and enhanced the sentence by thirty years in light of the jury determination that Moore was a habitual offender. Moore then embarked on a number of direct appeals. Ultimately, Moore sought habeas corpus relief under 28 U.S.C. sec. 2254 in regard to his habitual offender enhancement.

In his sec. 2254 petition, Moore claimed that his state petitions for post-conviction relief had been wrongly denied on procedural grounds that were not adequate to support a judgment. The district court denied Moore's petition, but we found that the Indiana state court had erred in concluding that Moore's petition for post-conviction relief was barred by a procedural default. We reached the merits of Moore's claim and determined that the state had not proved in the correct sequence the elements underlying the habitual offender determination. For this reason, we reversed the district court's denial of Moore's habeas corpus petition and directed that on remand "it issue a writ granting Moore relief

under sec. 2254 regarding the imposition of sentence upon Moore as an habitual offender." Moore v. Parke, 148 F.3d 705 (7th Cir. 1998) (Moore I).

Nine days after we issued our decision in Moore I, the United States Supreme Court issued Monge v. California, 524 U.S. 721, 734 (1998), in which the Court held that the Double Jeopardy Clause of the United States Constitution does not apply to noncapital sentencing proceedings. The state promptly petitioned for rehearing seeking to modify our opinion because it believed the direction given in our opinion to the district court did not permit Indiana to retry Moore. In the petition for rehearing and the response thereto the parties addressed both Monge and whether a retrial would be barred by the Indiana Constitution. Our denial of the state's petition for rehearing was without comment and therefore included no mention of Monge or the state constitutional issue. See Moore v. Parke, No. 97-3357 (7th Cir. Aug. 19, 1998) (order denying petition for rehearing).

On remand to the district court, Moore argued that our denial of the petition for rehearing suggested that we found that Monge was inapplicable to his case under the law of the case doctrine and the non-retroactivity principle enunciated in Teague v. Lane, 489 U.S. 288 (1989), which prohibits retroactive application of new rules of criminal procedure in a collateral attack. The state argued that Monge allowed it to retry Moore's habitual offender determination and contended that our remand allowed a writ to be granted with the condition that the state retain prosecutorial authority to retry the habitual offender count. The district court attempted "studiously and carefully" to follow the mandate that we provided, and in so doing, the court determined that the mandate "does not contemplate a retrial." Moore v. Parke, No. 3:96cv0665 (N.D. Ind. February 23, 1999). The district court determined that Monge constituted an intervening change in the law. But relying on the law of the case doctrine it found that it was bound by our mandate. See id. (citing Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997)). Therefore, the district court issued an unconditional writ of habeas corpus with regard to the imposition of sentence on Moore as a habitual offender. The state appeals, arguing that it should be allowed to retry Moore's habitual offender enhancement.

Analysis

The state asserts that neither the law of the

case doctrine nor the non-retroactivity principle of Teague bars the application of Monge as relevant authority. The state also argues that Monge provides authority for its contention that it be permitted to retry Moore's habitual offender determination. For this reason, the state requests that we vacate or modify the unconditional writ issued by the district court. The application of Monge or its foreclosure because of the law of the case or other corollary doctrines are questions of law, and when considering a district court's decision granting or denying a writ of habeas corpus, we review de novo questions of law. See Lieberman v. Washington, 128 F.3d 1085, 1091 (7th Cir. 1997).

Law of the Case

The district court found that the retroactive application of Monge to the facts of this case presented a "close question" of law and that if it "were able to write on a clean sheet," it might retroactively apply Monge. However, the court felt constrained to apply the mandate strictly, in deference to what it understood to be our direction to provide an unconditional grant of Moore's petition. Because it found that our unconditional mandate precluded the state from retrying Moore and that our denial of the state's petition for rehearing constituted the law of the case on the application of Monge, the district court refused to grant Moore's writ conditioned on the right of the state to retry his habitual offender enhancement.

We commend the district court's intention to follow strictly our mandate. We also acknowledge our reliance on the law of the case doctrine, which protects parties "from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action." Montana v. United States, 440 U.S. 147, 153-54 (1979). Moreover, we understand that "[t]he 'most elementary application' of this doctrine is that when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." Waid v. Merrill Area Public Schools, 130 F.3d 1268, 1272 (7th Cir. 1997) (citations omitted). Other circuits call this corollary to the law of the case the "mandate rule." See Ute Tribe, 114 F.3d at 1520.

However, the mandate is only controlling "as to matters within its compass." Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939). On remand, the district court retains the authority to dispose of other issues not addressed. See id. To determine what issues were actually decided by

the mandate, we require a "careful reading of the reviewing court's opinion." Creek v. Village of Westhaven, 144 F.3d 441, 445 (7th Cir. 1998). The reach of the mandate is coextensive with the reach of our holding, so "observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations." Id. In Moore I, our review of Moore's petition for writ of habeas corpus focused on the state's proof at trial that Moore was a habitual offender. We found that the state failed to meet its burden of proof on Moore's habitual offender status, so we reversed and directed the district court to grant the writ to set aside the enhancement of his sentence.

The district court inferred that because we noted no conditions in directing the grant of relief, it was then powerless to set a condition for retrial when issuing the writ. This inference is, no doubt, based on a premise that a district court has no power to add conditions to an unconditional mandate from this court. That is, of course, true up to a point. However, as we have discussed, the district court does have the power to add conditions even to an unconditional mandate when those conditions address matters that were not within the compass of the mandate. Put simply, the law of the case "does not extend to issues an appellate court did not address." Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991). Because neither party raised the question of retrial, we did not address whether the state should be permitted to retry Moore. Therefore, our unconditional mandate to the district court did not bring a determination of the double jeopardy question within its compass.

Moore contends, however, that our denial of the state's petition for rehearing, in which the question of Monge's applicability was briefed extensively, constitutes a ruling from which law of the case may be inferred. If that were the case, our summary denial of the state's petition for rehearing might constitute an implied expansion of the compass of our original mandate, and it would justify the district court's conclusion that we intended a consideration of Monge to be brought within our mandate. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" United States v. Thomas, 11 F.3d 732, 736 (7th Cir. 1993) (quoting United States v. Feldman, 825 F.2d 124, 130 (7th Cir. 1987)). However, because a summary denial of a petition for rehearing does not explain the bases for the denial, it is "insufficient to confer any implication or inference regarding a court's opinion relative to the merits of a

case." Thomas, 929 F.2d at 622; see also United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995) ("The summary denial of the petition does not indicate the court considered and decided the issue presented by the government . . ."). Thus, our summary denial of the state's petition for rehearing did not create law of the case nor did it expand the compass of our original mandate. For this reason, neither the law of the case nor our mandate prohibited the district court from applying Monge. In retrospect, however, it certainly would have been helpful for all concerned if we had briefly explained the basis for our denial of the state's petition for rehearing.

Applicability of Monge

Because we have found that the law of the case does not bar the application of Monge, we will address the state's contention that Monge permits the state to retry Moore. The state contends that Monge should apply and that it should be permitted to retry the elements of Moore's habitual offender enhancement. Moore responds that Monge is inapplicable in light of the non-retroactivity principle enunciated in Teague, 489 U.S. 288, and that even if Teague does not bar the application of Monge, the Double Jeopardy Clause of the Indiana Constitution may still bar the state from retrying Moore.

In Monge, the Supreme Court reviewed a decision of the California Supreme Court, in which the California Supreme Court held that the Double Jeopardy Clause does not bar retrial of evidence of prior convictions for the purposes of a habitual offender sentence enhancement. See Monge, 524 U.S. at 726; see also People v. Monge, 941 P.2d 1121 (Cal. 1997). In its analysis of the California Supreme Court's decision, the Supreme Court noted that double jeopardy protections have been inapplicable historically to sentencing proceedings because the determinations at issue "do not place a defendant in jeopardy for an 'offense.'" Monge, 524 U.S. at 728; see also Bullington v. Missouri, 451 U.S. 430, 438 (1981). The Court also noted as a "'well established part of our constitutional jurisprudence' that the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal," Monge, 524 U.S. at 730, which suggests by implication that the Double Jeopardy Clause should not bar the retrial of the factual predicates for a sentencing enhancement. Finally, the Court distinguished Bullington and Arizona v. Rumsey, 467 U.S. 203 (1984), because those cases dealt with capital sentencing issues, in which

the court recognized "an acute need for reliability." Monge, 524 U.S. at 732. For these reasons, the Court concluded that the Double Jeopardy Clause did not preclude retrial of evidence of prior convictions in the non-capital sentencing context.

Moore argues that because Monge created a new rule of constitutional criminal procedure the non-retroactivity principle of Teague should apply, and the guarantee against double jeopardy should still bar a rehearing. However, the principle of non-retroactivity favors only the state, on the rationale that "a State should not be penalized for relying on 'the constitutional standards that prevailed at the time the original proceedings took place.'" Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (quoting Teague, 489 U.S. at 306). Following Lockhart, we have held that "designed as it is to protect the state's interest in the finality of criminal convictions, [the non-retroactivity principle] entitles the state, but not the petitioner, to object to the application of a new rule to an old case." Free v. Peters, 12 F.3d 700, 703 (7th Cir. 1993).

Moore asserts accurately that in this case the state has no interest in preserving the finality of the judgment, but this argument misunderstands the nature of the non-retroactivity principle. The principle favors the state's interest in finality when the state has based its conviction in reliance on certain constitutional standards but does not favor the habeas petitioner, who has no such interest in finality. See Lockhart, 506 U.S. at 373. Moore claims to have an interest in the finality of our previous judgment, but this finality--and Moore's interest in it--is predicated on upholding a judgment that he gained by overturning the finality of a previous judgment. As such, the facts are similar to those in Lockhart, and we find that the analysis of that case controls. Therefore, the non-retroactivity principle will not bar the state from invoking Monge in support of its request to retry Moore's habitual offender enhancement.

Monge holds that the Double Jeopardy Clause will not restrict a state from retrying prior conviction allegations in the non-capital context. Moore does not contest that Monge controls the facts of this case and that it would allow the state to retry the habitual offender enhancement to his sentence. However, Moore insists that the Double Jeopardy Clause of the Indiana Constitution may still bar a retrial. Indiana courts are split as to whether the state Double Jeopardy Clause offers protection in addition to the protection offered by the United States Constitution. Compare Russell v. State,

711 N.E.2d 545, 550 (Ind. Ct. App. 1999) (holding that the Indiana Constitution provides independent Double Jeopardy protection), with Moore v. State, 691 N.E.2d 1232, 1236 (Ind. Ct. App. 1998) (holding that the Indiana Double Jeopardy Clause's protection is coextensive with the U.S. Constitution); see also Butler v. State, 724 N.E.2d 600, 602 n. 1 (Ind. 2000) (holding that defendant waived argument that Indiana Constitution provides more extensive protection than U.S. Constitution); Richardson v. State, 717 N.E.2d 32, 48-49, 53 (Ind. 1999) (distinguishing state double jeopardy analysis from federal double jeopardy analysis).

In its holding below, the district court opined that if it had the authority, it likely would have applied Monge and conditioned the grant of Moore's petition on the State's right to retry Moore. On remand the district court will have the opportunity to condition the grant of Moore's writ in the way it had envisioned. In such a circumstance, Indiana state courts, rather than federal courts, will be in a position to rule on the state constitutional law question. For this reason, we decline to address the question whether the Indiana Constitution will bar a retrial of Moore's habitual offender enhancement.

Conclusion

We Vacate the district court's grant of an unconditional writ of habeas corpus and Remand the case to the district court with directions to issue a new writ granting Moore relief under sec. 2254 regarding the imposition of sentence upon Moore as an habitual offender; provided, that the State of Indiana shall have 180 days within which to retry Moore as an habitual offender.