**Michael BRANDON, M.D., Plaintiff,**

v.

**ANESTHESIA & PAIN MANAGE-MENT ASSOCIATES, LTD., Defendant.**

**No. Civ.97–1004–GPM.**

United States District Court, S.D. Illinois.

April 23, 2002.

---

Thomas L. Bell, Chesterfield, MO, John D. Lynn, Kathryn E. Denner, Denner & Lynn, St. Louis, MO, Kurt D. Lord, Lord Law Firm, St. Louis, MO, for Michael Brandon, MD, plaintiff.

Carl W. Lee, Gundlach, Lee, et al., Belleville, IL, for Anesthesia & Pain Management Associates Ltd, a corporation, defendant.

## *MEMORANDUM AND ORDER*

MURPHY, Chief Judge.

This matter is before the Court on Defendant's post trial motion, in which it seeks a new trial under Federal Rule of Civil Procedure 59 (Doc. 96), and Plaintiff's motion to continue the punitive damages trial currently scheduled for April 23, 2002 (Doc. 94). Plaintiff seeks a continuance in light of the recently filed post trial motion and because Plaintiff has been unable to obtain certain discovery necessary for trial (Doc. 94). A recitation of this case's procedural history is necessary to understand the context in which these motions are filed.

Plaintiff filed this retaliatory discharge action on December 11, 1997, and shortly thereafter, the case was assigned a presumptive trial date in January 1999. After several extensions and continuances, the jury trial commenced on October 26, 1999. Importantly, before the jury was empaneled, Plaintiff voluntarily dismissed with prejudice the individual shareholders that were named as Defendants, such that the case would proceed against Plaintiff's former employer only. On October 27, 1999, Defendant orally moved for judgment as a matter of law at the close of Plaintiff's case pursuant to Federal Rule of Civil Procedure 50. Defendant's written motion was filed on October 28th. On November 2, 1999, Defendant orally and in writing moved for judgment at the close of all of the evidence under Rule 50. The Court reserved ruling on both Rule 50 motions. Before hearing closing arguments and instructing the jury, the Court decided that Plaintiff had failed to present sufficient evidence to warrant a jury instruction on punitive damages. On November 3rd, the jury returned a verdict in Plaintiff's favor in the amount of $1,034,000 for lost earnings, including salary, bonuses, and other financial benefits of employment, and $1,000,000 for pain, suffering, and emotional distress. Because the Rule 50 motions remained pending, the Court did not enter judgment on the verdict.

On May 9, 2000, this Court issued its ruling on Defendant's Rule 50 motions. Specifically, the Court granted the motions

for judgment as a matter of law, vacated the jury verdict, and entered judgment in Defendant's favor. Plaintiff filed a timely notice of appeal, and on January 18, 2002, the Seventh Circuit Court of Appeals issued its opinion reversing this Court's grant of judgment as a matter of law, remanding the case for reinstatement of the jury verdict, and remanding the case for a jury trial on punitive damages, *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 947 (7th Cir.2002). After receiving the Mandate, this Court issued an Order on February 21, 2002, vacating the judgment in favor of Defendant, reinstating the jury verdict, and setting a jury trial on punitive damages for April 23, 2002.

On April 12, 2002, Defendant filed the Rule 59 motion and brief in support thereof, arguing that it is entitled to a new trial because the jury verdict was against the weight of the evidence and was excessive (Docs.96, 97). While the time has not yet run for Plaintiff to file a substantive response, the Court finds that it must consider the matter in light of the upcoming trial. In any event, a substantive response is unnecessary because Defendant's arguments have been waived.

■ As an initial matter, the Court questions the timeliness of this motion. Rule 59 provides that any motion for a new trial must be filed "no later than 10 days after entry of the judgment." FED. R.CIV.P. 59(b). Not only is there no judgment in force at this time, but also Defendant's motion was not filed within 10 days of any action taken by the Court. The Court need not decide whether this motion was timely filed under Rule 59(b) because, after a careful analysis of Rule 50, the Court finds that Defendant has waived its opportunity to request a new trial. The Court notes, however, that nothing in Rule 59 prohibited Defendant from filing its motion while the Rule 50 motion was pending.

*See, e.g., Larez v. City of Los Angeles*, 946 F.2d 630, 636 (9th Cir.1991) ("while it is true that the [defendants] filed their new trial motion before the entry of judgment, nothing in [Rule] 59 prohibits early filings"); *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989) (per curiam) ("Although Rule 59 motions are to be served not later than ten days after entry of judgment, courts and commentators generally agree that this ten-day limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before a formal judgment has been entered.").

Under Rule 50(a), a trial court may grant a motion for judgment as a matter of law at the close of the plaintiff's case or at the close of all of the evidence. Rule 50(b) further provides that the court may wait to rule on such a motion until after the jury has returned a verdict. The Advisory Committee Notes to the 1991 Amendment explain this option as follows:

> Often it appears to the court or to the moving party that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because a jury verdict for the moving party moots the issue and because a preverdict ruling gambles that a reversal may result in a new trial that might have been avoided. For these reasons, the court may often wisely decline to rule on a motion for judgment as a matter of law made at the close of the evidence, and it is not inappropriate for the moving party to suggest such a postponement of the ruling until after the verdict has been rendered.

If the court submits the action to the jury subject to its later deciding the legal questions raised by the motion, "[t]he movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment—and

may alternatively request a new trial or join a motion for a new trial under Rule 59." FED.R.CIV.P. 50(b). In this case, the Court, in accordance with Rule 58 and corresponding case law directing that all matters be resolved before entry of final judgment, withheld entry of judgment on the verdict until it decided the motions for judgment as a matter of law. *See, e.g., Health Cost Controls of Ill., Inc. v. Washington,* 187 F.3d 703, 708 (7th Cir.1999), *cert. denied,* 528 U.S. 1136, 120 S.Ct. 979, 145 L.Ed.2d 930 (2000) ("The requirement that the judgment make clear what the plaintiff is or is not entitled to is not a niggling, petty technicality; it is not a technicality at all. When there is uncertainty as to what the plaintiff is entitled to, the seeds of piecemeal litigation are sown."); *Benjamin v. United States,* 833 F.2d 669, 672 (7th Cir.1987) (per curiam) ("under [Rule 58], the judgment is designed to alert the parties and the appellate court when a district court renders a final, appealable order"). The 1991 Advisory Committee Notes and the text of Rule 50(c)(1) reflect the intent of the drafters in a situation such as this—a motion for judgment as a matter of law may be renewed, and a new trial alternatively requested, after the jury returns its *verdict.* Specifically, the Notes provide that subdivision (b) "retains the concept of the former rule that the post-verdict motion is a renewal of an earlier motion made at the close of the evidence." *See also Watson v. Amedco Steel, Inc.,* 29 F.3d 274, 279 (7th Cir.1994) ("In order to preserve such an issue at trial, [the plaintiff] should have moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a)(1) at the close of [the defendant's] case or at the conclusion of all the evidence, and then renewed that motion after the jury's verdict pursuant to Rule 50(b)."). Rule 50(c) further provides, in pertinent part, as follows:

> If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered.

FED.R.CIV.P. 50(c)(1). Thus, the drafters contemplated the exact scenario presented in this case and created a means by which to avoid the piecemeal litigation proposed by Defendant. In fact, the Court believes that the fact that such a provision exists is the reason that it has been unable to find any Seventh Circuit cases with a procedural history consistent with what Defendant requests. Notably, Defendant does not address any of these obvious concerns.

Defendant's motions for judgment as a matter of law and the Court's ruling thereon were based, generally, on the theory that Plaintiff's termination did not violate any clearly mandated public policy of the State of Illinois and that, consequently, his claim of retaliatory discharge could not be maintained. At no time, until now, has the Court had an opportunity to consider Defendant's Rule 59 arguments. This Court did what Defendant asked—it granted Defendant judgment as a matter of law, and the Court of Appeals reversed that decision. Now, Defendant simply wants relief from the Court of Appeals' decision. If this Court were to grant Defendant's motion, no judgment entered in this Court or mandate issued by the Court of Appeals would ever final—parties would keep raising new issues that should have been ad-

dressed originally. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir.2001) ("parties cannot use the accident of remand as an opportunity to reopen waived issues"). The Court simply cannot justify considering these issues anew as if this case had never been reviewed by the Seventh Circuit Court of Appeals. Therefore, the Court considers Defendant's Rule 59 arguments waived.

■ Even if Defendant's arguments were not waived, this Court could not grant a new trial on the basis that the verdict was against the weight of the evidence. The procedural history of this case implicates two related principles that prohibit a district court from revisiting certain issues on remand: the mandate rule and the law of the case doctrine. *United States v. Polland*, 56 F.3d 776, 777 (7th Cir.1995). The mandate rule requires a lower court to adhere to the commands of a higher court on remand. *Id.; see also Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir.1998) ("a mandate is controlling as to matters within its compass").

A corollary to the mandate rule is the law of the case doctrine, which prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances. *Polland*, 56 F.3d at 779; *see also Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1031 (7th Cir.1997) ("Once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case."). The law of the case doctrine "protects parties from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action." *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir.2000) (internal quotation omitted); *accord Creek*, 144 F.3d at 445. However, the law of the case doctrine applies only to issues that have been resolved

and generally leaves a district judge "free to address issues that the appellate court left undecided." *Morris*, 259 F.3d at 898. The lower court must carefully read the reviewing court's opinion to determine what issues were actually decided because "observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations." *Moore*, 222 F.3d at 283; *Creek*, 144 F.3d at 445. "Put simply, the law of the case does not extend to issues an appellate court did not address." *Moore*, 222 F.3d at 284.

Plaintiff appealed this Court's denial of a punitive damages jury instruction. This Court's ruling was based on its finding that Plaintiff had not presented sufficient evidence to warrant such an instruction. With respect to that ruling, the Court of Appeals found that according to Plaintiff's version of the events, which the jury believed, Defendant's conduct "could support a jury award of punitive damages" and remanded the case for a jury trial punitive damages. 277 F.3d at 946–47. Despite Defendant's presumed arguments on appeal to the contrary, the Court of Appeals found the evidence sufficient to warrant a trial on punitive damages. Therefore, implicit in that Court's directive is its finding that the evidence was sufficient to support the jury's verdict on liability. To find otherwise and allow a new trial on liability would render the Court of Appeals' directive a nullity. As set forth above, the policy upon which the law of the case doctrine is based is that "when an issue is once litigated and decided, that should be the end of the matter." *Creek*, 144 F.3d at 445. The remand is on a limited issue, and the Court will not disregard findings made by the Court of Appeals in order to allow a jury to reconsider liability.

All of this aside, even if the Court of Appeals had not opined, albeit implicitly,

on the issue of the sufficiency of the evidence, for the reasons expressed above, this Court considers Defendant's argument waived. Similarly, the Court finds that Defendant's argument regarding the excessiveness of the damages is waived.[1] Therefore, Defendant's post trial motion (Doc. 96) is **DENIED.**

Finally, Plaintiff moves to continue the April 23rd jury trial on punitive damages because of the timing of Defendant's post trial motion, which is resolved herein and, therefore, does not warrant a continuance, and because Plaintiff has been unable to obtain certain financial information that is necessary for that trial, Defendant does not oppose a continuance and, in fact, agrees that the parties need additional discovery. Because necessary discovery is outstanding, Plaintiff's motion to continue (Doc. 94) is **GRANTED.** The Court notes, however, that Plaintiff has not asked this Court to resolve any discovery disputes. Therefore, the Court presumes that the parties will be able to resolve any disputes expeditiously. The jury trial on punitive damages is hereby **CONTINUED to Tuesday, May 14, 2002, at 8:00 a.m.** in the United States District Courthouse, 750 Missouri Avenue, East St. Louis, Illinois. **No further notice will be given.**

**IT IS SO ORDERED.**

---

1. The Court notes that this is an issue that falls outside of the law of the case doctrine as nothing in the Seventh Circuit Court of Appeals' opinion bears on the amount of the jury verdict.