Elijah **MOORE**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 45A03–0108–CR–282.

Court of Appeals of Indiana.

June 4, 2002.

---

Charles E. Stewart, Jr., Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Elijah Moore appeals the trial court's denial of his motion to dismiss the habitual offender proceedings against him. We affirm.

### Issue

Moore raises one issue for our review, which we restate as whether Article I, section 14 of the Indiana Constitution bars re-trial of the habitual offender allegation against him following a reversal on the grounds of insufficient evidence.

### Facts and Procedural History

In 1982, Moore robbed four people and was subsequently charged with four counts of robbery, all Class B felonies, and was further alleged to be an habitual offender. A jury found Moore guilty on all counts and also determined that he was an habitual offender. He was sentenced to a period of twenty years for each count of robbery, said sentences to run concurrently, and his sentence was enhanced an additional thirty years pursuant to the habitual offender finding. On direct appeal, our supreme court affirmed Moore's convictions and the habitual offender determination. *Moore v. State*, 485 N.E.2d 62 (Ind.1985).

Moore subsequently sought post-conviction relief based in part on an allegation of insufficient evidence to show that he was an habitual offender. This court, in an unpublished decision, affirmed the post-conviction court's denial of relief. *Moore v. State*, No. 45A04–9501–PC–20, 651 N.E.2d 357 (Ind.Ct.App. June 23, 1995), *trans. denied.* We held that Moore had failed to show that his predicate convictions did not occur in the proper sequence, citing *Weatherford v. State*, 619 N.E.2d 915 (Ind.1993), for the proposition that when a post-conviction petitioner alleges that the State failed to produce sufficient evidence of the sequence of the predicate

felony convictions, the petitioner must demonstrate that his convictions did not in fact occur in the required order. *Moore*, 45A04–9501–PC–20, slip op. at 4 (citing *Weatherford*, 619 N.E.2d at 918).

Moore then sought federal habeas corpus relief on this issue. The district court denied relief, finding that Moore had procedurally defaulted his claim of insufficient evidence. *Moore v. Parke*, 968 F.Supp. 1338 (N.D.Ind.1997). The Seventh Circuit, however, held that *Weatherford* did not provide an adequate state ground to bar federal review because Moore's procedural default occurred prior to the *Weatherford* decision. *Moore v. Parke*, 148 F.3d 705, 710 (7th Cir.1998). It then held that the State was required to but did not prove at Moore's trial the sequence of the predicate offenses and therefore, Moore's due process rights were violated. *Id.* at 711. The case was remanded to the district court with directions to grant the petition for habeas corpus relief. *Id.*

Several days after the Seventh Circuit decided Moore's case, the United States Supreme Court handed down *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), which held that the federal double jeopardy clause does not apply to noncapital sentencing proceedings. *Moore v. Anderson*, 222 F.3d 280, 282 (7th Cir.2000) (citing *Monge*, 524 U.S. at 734, 118 S.Ct. 2246). The State petitioned the Seventh Circuit for rehearing and both parties addressed *Monge* and whether the Indiana Constitution barred a retrial. The Seventh Circuit denied the State's petition without comment. *Id.* On remand, Moore argued that the Seventh Circuit's denial of rehearing suggested that *Monge* was inapplicable to his case; the State argued that *Monge* allowed a retrial. *Id.* The district court determined that the Seventh Circuit's mandate did not contemplate a retrial and issued an uncon-

ditional writ of habeas corpus with regard to the imposition of sentence on Moore as an habitual offender. *Id.* at 282–83. The State then appealed to the Seventh Circuit.

The Seventh Circuit determined that the unconditional mandate to the district court to grant Moore's habeas corpus petition did not address the issue of double jeopardy and therefore the district court was not prohibited by the law of the case doctrine or by the earlier mandate from applying *Monge. Id.* at 284. The court then rejected Moore's contention that the non-retroactivity principle of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), barred the State from invoking *Monge* in its quest to retry Moore. The non-retroactivity principle favors only the State and Moore was not entitled to object to the application of a new rule to an old case. *Id.* at 285. *Monge* held that "the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal...." 524 U.S. at 730, 118 S.Ct. 2246. The Seventh Circuit noted that this implies "that the Double Jeopardy Clause should not bar the retrial of the factual predicates for a sentencing enhancement." *Moore,* 222 F.3d at 285. Thus, the district court's grant of the unconditional writ of habeas corpus was vacated and the case was remanded with instructions to issue a new writ granting Moore relief but providing the State 180 days within which to retry Moore as an habitual offender. *Id.* at 286. The court specifically declined to address the issue of whether the Indiana Constitution bars a retrial of the habitual offender enhancement. *Id.* On remand, the district court entered the following order on June 8, 2000:

> Pursuant to the opinion issued by the [Seventh Circuit] Court of Appeals on June 5, 2000, this court now issues a new conditional writ granting this petitioner relief ... regarding the imposition of sentence upon him as a[sic] habitual offender. This is provided that the State of Indiana shall have 180 days within which to retry this petitioner as a[sic] habitual offender.

Amended Appendix of Appellant at 317. The State filed its amended information against Moore alleging him to be an habitual offender on November 8, 2000. Moore moved to dismiss the information, contending that the insufficient evidence determination precluded a retrial under the Indiana Constitution. The trial court denied this motion, and the habitual offender charge was tried to a jury. The jury determined that Moore was an habitual offender and his sentence on one of his robbery convictions was enhanced by thirty years. Moore now appeals.

### Discussion and Decision

Moore contends that the trial court erred in denying his motion to dismiss the habitual offender charge because Article I, section 14 of the Indiana Constitution bars a retrial of the habitual offender charge when it was earlier reversed on the basis of insufficient evidence.

### I. Standard of Review

■ Indiana Code section 35–34–1–8(f) provides that a criminal defendant has the burden of proving, by a preponderance of the evidence, all facts necessary to support a motion to dismiss. *See Lewis v. State,* 755 N.E.2d 1116, 1121 (Ind.Ct.App.2001). Because Moore is appealing a negative judgment, we will reverse the trial court's ruling "only if the evidence is without conflict and leads inescapably to the conclusion that [he] was entitled to dismissal." *Wright v. State,* 700 N.E.2d 1153, 1155 (Ind.Ct.App.1998).

## II. State Double Jeopardy Protections

■ Moore acknowledges that under *Monge*, he has no federal constitutional double jeopardy claim in this instance. He claims, however, that Article I, section 14 of the Indiana Constitution should be, and in fact, has been interpreted to preclude the retrial of an habitual offender allegation where a previous habitual determination was reversed for insufficient evidence. We must disagree.

■ Moore cites several Indiana cases in support of his position. First, he notes, and we agree, that the double jeopardy clause of the Indiana Constitution is to be interpreted separately from its federal counterpart. *Compare Richardson v. State*, 717 N.E.2d 32, 49–50 (Ind.1999) ("[W]e therefore conclude and hold that two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Both of these considerations, the statutory elements test and the actual evidence test, are components of the double jeopardy 'same offense' analysis under the Indiana Constitution."); *and Bald v. State*, 766 N.E.2d 1170 (Ind.2002) (clarifying the "actual evidence test") *with United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (holding that the federal double jeopardy test is the historical "same elements" test of whether each offense contains an element not contained in the other and overruling the more recent "same conduct" test which looked to whether, to establish an essential element of an offense charged in a prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted) *and Block-*

*burger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (announcing the "same elements" test for federal constitutional double jeopardy analysis).

However, we disagree with Moore's assertion that we are not writing on a clean slate. Moore cites *Bell v. State*, 622 N.E.2d 450 (Ind.1993) and *Phillips v. State*, 541 N.E.2d 925 (Ind.1989), for the proposition that our supreme court has already decided that where the State fails to prove an habitual offender charge by sufficient evidence, the Indiana Constitution bars a retrial. *Bell* and *Phillips* were both decided during that time in which Indiana's double jeopardy analysis and the federal double jeopardy analysis were one and the same. *See Richardson*, 717 N.E.2d at 48 ("In 1978, the analysis under the Indiana Constitution was merged with the federal constitutional test ....") (citing *Elmore v. State*, 269 Ind. 532, 537, 382 N.E.2d 893, 896 (1978)). Both were also decided prior to the Supreme Court's decision in *Monge*. And neither case specifically references the Indiana Constitution. Given the changes in our state constitutional double jeopardy jurisprudence since *Bell* and *Phillips* were decided, we do not believe they are binding authority for the issue before us.

■ We turn then to the nature of habitual offender proceedings. The double jeopardy clause protects a person from suffering a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind.Ct.App.2001), *trans. denied.* Our supreme court has stated that "the status of an habitual offender is not an offense or crime in itself but is a circumstance the existence of which, if found by the jury, calls for enhancement of the sentence for the last crime charged." *Badelle*

*v. State*, 434 N.E.2d 872, 876 (Ind.1982). *See also Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind.2001) ("A [sic] habitual offender finding does not constitute a separate crime nor does it result in a separate sentence, rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony."); *Kindred v. State*, 521 N.E.2d 320, 326 (Ind.1988) ("Habitual offender determinations are not findings of guilt. . . ."). The nomenclature we employ in discussing habitual offender proceedings illustrates the difference between a traditional crime and an habitual offender determination. When dealing with habitual offender situations, we never speak in terms of it being a "crime" or an "offense," and we do not speak in terms of the accused being "guilty" or "convicted" of being an habitual offender. We consistently speak in terms of an "adjudication," "determination," or "finding" that the defendant is an habitual offender and of the habitual offender "sentence enhancement." The import of the determination is not that the defendant is convicted and sentenced for a separate crime independent and apart from any other, but that his sentence for an underlying substantive offense is enhanced due to the determination of his status. Enhancements are not punishments; rather they are " 'tools enabling a trial court to impose an appropriate sentence for the current conviction.' " *Osborne v. State*, 754 N.E.2d 916, 925 (Ind. 2001) (quoting *Elmore v. State*, 657 N.E.2d 1216, 1220 (Ind.1995)).

██ In many procedural ways, habitual offender proceedings are treated as substantive criminal trials. The State must prove the allegations beyond a reasonable doubt. Ind.Code § 35–50–2–8(d). Evidentiary protections apply to habitual offender proceedings unlike other sentencing proceedings. *Compare Poore v. State*, 685 N.E.2d 36, 39 (Ind.1997) ("[E]videntia-

ry protections apply to the extent they are implicated in a[sic] habitual offender proceeding.") *with* Evid. Rule 101(c)(2) (evidentiary rules do not apply to proceedings relating to sentencing). Other procedural protections apply, as well, such as Criminal Rule 4(B)'s prohibition against keeping a defendant in jail for more than seventy days to answer a charge. *Poore*, 685 N.E.2d at 39. That these protections are extended to habitual offender proceedings reflects the serious consequences of such a determination. However, habitual offender proceedings remain, at their core, sentencing tools. As the United States Supreme Court noted in *Monge*, "[w]here noncapital sentencing proceedings contain trial-like protections, that is a matter of legislative grace, not constitutional command." 524 U.S. at 734, 118 S.Ct. 2246. Because an habitual offender determination is not an "offense" within the traditional understanding of the word, we hold that our double jeopardy clause does not apply to bar retrial of habitual offender proceedings even where the initial habitual offender determination is reversed due to insufficient evidence. Accordingly, the trial court did not err in denying Moore's motion to dismiss. The habitual offender determination is affirmed.

### Conclusion

Article I, section 14 of the Indiana Constitution does not bar retrial of an habitual offender allegation. The trial court properly denied Moore's motion to dismiss the re-filed habitual offender allegation on double jeopardy grounds.

Affirmed.

BAILEY, J., and NAJAM, J., concur.