NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued April 2, 2014
Decided June 24, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3303

| | |
|---|---|
| KATHERINE LEES, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 10-C-86 |
| CARTHAGE COLLEGE and | |
| LEXINGTON INSURANCE COMPANY, | Rudolph T. Randa, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This case is before us for the second time, so we assume familiarity with our previous opinion. *Lees v. Carthage Coll.* ("*Lees I*"), 714 F.3d 516 (7th Cir. 2013). Katherine Lees, a student at Carthage College, was raped in her dorm room by two men who were never identified. She sued the school and its insurer for negligence. The school moved for summary judgment on multiple grounds, including that there was insufficient

evidence of causation and that Lees's expert, Dr. Kennedy, was unreliable and failed to establish a duty of care that the college breached. The district court excluded the expert's testimony and granted summary judgment because Lees had no other evidence to establish a breach of a duty. On appeal we vacated and remanded, holding that the expert's testimony was admissible on one narrow issue—whether the school had a duty to provide a "prop alarm" on the basement door. After we remanded, Carthage again moved for summary judgment based on its alternative theories, which had never been ruled on. The judge again granted summary judgment, this time because Lees failed to provide sufficient evidence of causation. Lees appeals.

Lees makes a number of arguments for why the district court shouldn't have considered Carthage's renewed motion for summary judgment, but none have merit. First, Lees argues that we held in our previous decision that she had sufficient evidence to get a trial, precluding any arguments for summary judgment based on other insufficiencies. She refers us to the "law of the case" doctrine and its corollary, the "mandate rule," that an appellate-court mandate is "controlling as to matters within its compass." *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000) (internal quotation marks omitted). She then focuses narrowly on this sentence from our prior opinion: "Because Dr. Kennedy's testimony is admissible in part, Lees raised a genuine factual dispute for trial, and summary judgment for Carthage was improper." *Lees I*, 714 F.3d at 518. But the mandate rule "does not extend to issues an appellate court did not address." *Moore*, 222 F.3d at 284. The district judge limited his first summary-judgment ruling to the admissibility of Dr. Kennedy's testimony, so the previous appeal was also limited to that issue. Neither party discussed the alternative grounds for summary judgment addressed in Carthage's initial motion to the district court, so we did not rule on them. On remand the judge had the authority to rule on Carthage's other arguments.

Second, Lees argues that Carthage's renewed motion for summary judgment suffers from various procedural flaws. After remand the district judge held a scheduling conference. Carthage made no mention of another motion for summary judgment, so the scheduling order did not contain any deadlines for dispositive motions. Nevertheless, Carthage filed a renewed summary-judgment motion five days later. Lees moved to strike the motion, but the judge denied her request. Lees argues that this refusal was an abuse of discretion because: (1) Local Rule 16(b)(1)(B) says that parties should discuss any contemplated motions during scheduling conferences, but Carthage did not mention a new summary-judgment motion; (2) Carthage did not request leave to file its "unauthorized" motion, in violation of Local Rule 7(i); (3) remand left the deadlines from the previous scheduling order in place, and since the updated scheduling order did not have a new deadline for dispositive motions, the

deadline had passed; and (4) there was no good reason to allow a new summary-judgment motion.

The district judge cast all these arguments aside, noting that Federal Rule of Civil Procedure 56(b) allows parties to file summary-judgment motions "at any time until 30 days after the close of all discovery" unless "a different time is set by local rule or the court orders otherwise." Lees insists that the court *did* "order otherwise" because the deadline in its original scheduling order was still in place. But "district courts have broad discretion to manage their dockets," *A. Bauer Mech., Inc. v. Joint Arbitration Bd. of the Plumbing Contractors' Ass'n & Chi. Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009), and there was good reason to consider the new summary-judgment motion; namely, that the other grounds advanced by Carthage had never been addressed. The procedural objections are meritless. The district court did not abuse its discretion by entertaining the new summary-judgment motion.

Accordingly, we move to the substantive issue, which is whether Lees has sufficient evidence to prove causation. We agree with the district court that she does not, even construing all facts and inferences in her favor, as we must when reviewing a summary-judgment ruling against her. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

Under Wisconsin's negligence law, in order to meet the burden of production on the issue of causation, the plaintiff "must produce some evidence that the defendant['s] negligence more probably than not caused plaintiff['s] damages." *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 501 N.W.2d 788, 805 (Wis. 1993). It is not enough to produce evidence that the defendant's negligence *could have* caused the harm. *Id.* at 806. Since "[p]remises-security cases … requir[e] expert testimony" to establish a breach of a duty, *Lees I*, 714 F.3d at 522, and since the only breach of duty that the admissible portions of Dr. Kennedy's testimony would establish was the absence of a prop alarm on the basement door, *id.* at 526–27, Lees needed to produce some evidence that the absence of a prop alarm probably caused her damages. But she has no evidence that her attackers came through the basement door. If anything, her evidence cuts against that possibility. She testified in deposition that her attackers were fellow students, and she was attacked at a time when all students were allowed into the dorm through the front door. For these reasons, the district court concluded that there was insufficient evidence of causation and granted Carthage's motion for summary judgment.

Lees makes various arguments for why this conclusion was wrong. First, she argues that the judge applied the wrong legal standard, referring us to *Peters v. Holiday*

*Inns*, 278 N.W.2d 208 (Wis. 1979) (reversing summary judgment in a negligence suit against Holiday Inn for failure to adequately protect a guest from intruders). But Lees doesn't explain what she thinks the causation standard in *Peters* is or how it applies to her case; she simply declares summarily that "*Peters* is dispositive." And in any event, *Beacon Bowl*, which clearly lays out the causation standard we just described, was decided after *Peters*. She also quotes *Ehlinger v. Sipes*, 454 N.W.2d 754 (Wis. 1990), for the causation standard. *Ehlinger* held that to survive summary judgment in a medical-malpractice claim of negligent misdiagnosis and mistreatment, a plaintiff need only produce evidence "that proper treatment *could* have [rather than *would* have] lessened or avoided the plaintiff's harm," *id.* at 763. But the issue here is the burden of production on causation more generally; *Beacon Bowl* explicitly limited *Ehlinger*'s more relaxed burden-of-production standard to the medical-malpractice context. 501 N.W.2d at 805–07.

Lees next argues that *all* entrances into the dorm were negligently maintained, so the attackers must have entered through *some* "negligently maintained portal." She claims that the front door was negligently maintained because although the door required students to swipe their ID cards to get in, students were allowed to enter in groups after a single swipe. She also implies that allowing nonresident students to enter the dorm late at night was negligent, even if they were required to swipe in. The problem with these arguments is that Lees does not have expert testimony to establish that either of these practices breached a duty of care. We held in our last opinion that expert testimony was required to establish duty and breach, *Lees I*, 714 F.3d at 522, and we limited her expert's testimony to the lack of a prop alarm on the basement door, *id.* at 526–27. She now argues that Carthage admitted that allowing groups to enter after a single swipe violated its own security policy, and this admission is sufficient to establish breach of a duty. But that is directly contradicted by our holding in *Lees I* that expert testimony is required to establish the duty of care in a premises-security case. *Id.* at 522. She also relies on this quote from *Lees I*—"Perhaps th[e] analysis [of other forms of negligence] is theoretically possible, but on the present record we find no abuse of discretion," *id.* at 526—and argues that it opens the door to expanding Dr. Kennedy's testimony to establish other breaches of duty. But she is misreading our opinion, which affirmed the district court's exclusion of all but a small portion of Dr. Kennedy's testimony. Therefore, Lees needed to produce evidence that her attackers more probably than not entered through the basement door.

She has none. It's just speculation. There is no *evidence* to causally connect the lack of a prop alarm on the basement door to the attack. Accordingly, the district court properly entered summary judgment for Carthage.

AFFIRMED.