In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 06-3936, 07-1650 & 07-3427

A. BAUER MECHANICAL, INC.,

*Plaintiff-Appellant,*

*v.*

JOINT ARBITRATION BOARD OF THE
PLUMBING CONTRACTORS' ASSOCIATION
AND CHICAGO JOURNEYMEN PLUMBERS' LOCAL
UNION 130, U.A. and CHICAGO JOURNEYMEN
PLUMBERS' LOCAL UNION 130, U.A.,

*Defendants-Appellees.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 1725—**Harry D. Leinenweber**, *Judge.*

ARGUED SEPTEMBER 17, 2008—DECIDED MARCH 25, 2009

Before MANION, WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* A. Bauer Mechanical, Inc.,
("Bauer") filed a complaint in Illinois state court seeking
to vacate an award issued by an arbitration board pursu-
ant to a collective bargaining agreement. The defendants,

Chicago Journeymen Plumbers' Local Union 130, U.A.,
("the Union") removed the case to the United States
District Court for the Northern District of Illinois and
subsequently moved to file *instanter* an answer and, along
with intervening counterplaintiffs, a counterclaim to
enforce the arbitration board's ruling. Both the answer
and counterclaim were attached to the motion for leave
to file *instanter.* Bauer did not reply to the counter-
claim because, it contends, the pleadings were not
properly filed. The district court entered a default judg-
ment against Bauer for the amount stipulated by the
arbitration board, plus interest, and also awarded attor-
neys' fees. We conclude that the answer and counter-
claim were properly filed and the Federal Rules of Civil
Procedure do not prohibit a court from accepting
pleadings attached to motions. We therefore affirm the
judgment of the district court.

## I. BACKGROUND

Bauer is an Illinois plumbing contractor and a suc-
cessor to Hausman Plumbing & Heating Company
("Hausman"). The Joint Arbitration Board of the Plumb-
ing Contractors' Association and Chicago Journeymen
Plumbers' Local Union ("the Board") is an arbitral
tribunal established pursuant to a collective bargaining
agreement and is authorized to enforce the agreement
in disputes between the parties. Chicago Journeymen
Plumbers' Local Union 130, U.A. and Hausman were
among the parties that entered into a collective bar-
gaining agreement in effect from June 1, 2001, through

May 31, 2007. This agreement became binding upon Bauer as Hausman's successor.

On May 19, 2005, upon charges filed by the Union, the Board found that Hausman violated the collective bargaining agreement by failing to make payments for unreported hours worked by licensed journeymen, and by permitting employees other than licensed journeymen or apprentice plumbers to perform work within the Union's jurisdiction. The Board ordered Bauer, as Hausman's successor, to pay $54,657.12 in contributions and fines and $8,377.54 in interest, divided among the various union benefit funds and The Plumbing Council of Chicagoland.[1] The Board also set an interest penalty of $694.19 per month until Bauer paid the award in full.

On February 17, 2006, Bauer filed a complaint in the Circuit Court of Cook County, Illinois seeking to vacate and/or modify the arbitration award and naming the Union, the Board, and the Plumbing Contractors' Association as defendants. The defendants filed a notice of removal on March 29, 2006, and removed this action to the United States District Court for the Northern District of Illinois. On April 5, 2006, the defendants filed a motion to dismiss, which the court granted as to all defendants except for the Union. The Union then filed a motion for leave to file *instanter* an answer to Bauer's

---

[1] The benefit funds include: Plumbers' Pension Fund, Plumbers' Welfare Fund, Trust Fund for Apprentice and Journeymen Education and Training, Local Union 130, U.A. Savings Plan, Local Union 130, U.A. Working Dues, and the Legal Fund.

complaint and, along with other arbitration award recipients (hereinafter "counterplaintiffs"), a counterclaim to enforce the arbitration award.[2] The answer and counterclaim were attached to the motion for leave to file *instanter* and the district court accepted the pleadings after it granted the motion on May 24, 2006.

On August 1, 2006, after receiving no response to their counterclaim, the counterplaintiffs filed a motion for entry of judgment. At the hearing, Bauer argued that the pleadings attached to the motion were not properly filed. The district court resolved the issue by recognizing the pleadings and granted Bauer a fourteen-day extension to "respond" to the counterclaims. On September 5, 2006, Bauer filed a response in opposition to the motion for entry of judgment, essentially restating the argument it had presented at the previous hearing—that the counterclaim was not properly filed. Bauer's response, however, did not address the merits of the counterclaim. As a result, the district court granted the counterplaintiffs' motion for entry of judgment on September 25, 2006, and awarded them $79,695.22, which included the arbitration award plus interest. Bauer filed a motion to vacate judgment, which the district court denied on October 5, 2006, and Bauer filed its first notice of appeal on October 31, 2006. The Union and the other counterplaintiffs also filed a motion for fees and expenses under the Em-

---

[2] The remaining arbitration award recipients also filed motions to intervene as counterplaintiffs, which the court granted on May 24, 2006.

ployee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2)(D), and the district court awarded $36,820.00 in fees and $721.92 in expenses.

On January 25, 2007, the Union filed a motion for judgment on the pleadings on Bauer's complaint, which sought to vacate and/or modify the arbitration award. Bauer did not appear at the hearing and, on February 8, 2007, the district court issued an order dismissing Bauer's complaint. The court also declared all judgments (including the court's September 25, 2006, ruling granting the Union's motion for entry of judgment on its counter-claim) final and appealable. Bauer filed a second notice of appeal on March 22, 2007, from the district court's February 8, 2007 order (entered on February 20, 2007) dismissing its complaint.

## II.  ANALYSIS

### A.  Jurisdiction

Before reaching the merits, we must determine whether this court has jurisdiction to address Bauer's appeal from the district court's September 2006 order enforcing the arbitration award. The Union asserts that this ruling was not a final judgment and that Bauer's notice of appeal had no effect.

The district court proceedings shed light on some of the confusion surrounding this issue. The parties presented three primary claims before the court: (1) Bauer's complaint, which sought to vacate the arbitration board's ruling (at least as it applied to Bauer); (2) the Union and

other counterplaintiffs' counterclaim, which sought to enforce the arbitration award; and (3) the counterplaintiffs' motion for attorneys' fees and expenses.

The Union argues that Bauer's October 31, 2006 notice of appeal was premature and therefore ineffective. Under 28 U.S.C. § 1291, we have jurisdiction to hear appeals from final decisions of district courts. This includes final judgments entered under Rule 58 of the Federal Rules of Civil Procedure, interlocutory decisions certified for appeal under Rule 54(b), or decisions that otherwise "[end] the litigation on the merits and [leave] nothing for the court to do but execute the judgment." *Adams v. Lever Bros. Co.*, 874 F.2d 393, 394 (7th Cir. 1989) (citation omitted). Neither party disputes that the district court entered a final judgment on February 20, 2007. And under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the appellant must file a notice of appeal within 30 days of the entry of judgment. The complication here is that Bauer filed its notice of appeal from the ruling enforcing the arbitration award on October 31, 2006, several months before the final judgment. So the question is whether Bauer's premature notice of appeal springs into effect after the entry of the final judgment.

Rule 4(a)(2) of the Federal Rules of Appellate Procedure permits a notice of appeal filed after the court announces a decision, but before the entry of judgment, to be treated as filed on the date of the final judgment. Here, Bauer and the Union had asserted competing claims: the Union sought to enforce the arbitration board's ruling, and Bauer sought to vacate the same. The Septem-

ber 2006 ruling in the Union's favor essentially fore-
closed any relief on Bauer's complaint; therefore, Bauer's
belief that the order also disposed of its claims was rea-
sonable. And since there were no remaining issues to
decide, the premature notice of appeal springs forward
to the date of the final judgment entered on February 20,
2007. *See FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498
U.S. 269, 276 (1991) (recognizing that Rule 4(a)(2) "was
intended to protect the unskilled litigant who files a
notice of appeal from a decision that he *reasonably* but
mistakenly believes to be a final judgment") (emphasis
added); *Garwood Packaging, Inc. v. Allen & Co., Inc.*, 378
F.3d 698, 701 (7th Cir. 2004) (recognizing a premature
notice of appeal from a judgment that had yet to dis-
miss one of the parties to the suit). Therefore, this court
has jurisdiction to consider all of the issues raised by
Bauer.

### B. The Union's Answer and Counterclaim Were Properly Filed

Bauer argues that the district court improperly
granted the counterplaintiffs' motion for judgment on
the counterclaim because, it contends, federal courts
cannot recognize pleadings attached to motions. As a
result, Bauer maintains that it was never required to
respond to the counterclaim.

Bauer suggests that the crux of this issue lies in Rule 7(a)
of the Federal Rules of Civil Procedure, which provides
a conclusive list of pleadings, and Rule 10, which states
that "[a] copy of any written instrument which is an

exhibit to a pleading is a part thereof for all purposes." To prove this point, Bauer devotes a significant portion of its brief to highlight the differences between a motion and a pleading. We agree that a motion is not a pleading. Unfortunately, that fact does not support Bauer's ultimate conclusion—that a federal court does not have the discretion to recognize a pleading attached to a motion for leave to file *instanter*.

We review the district court's acceptance of the pleading for an abuse of discretion. *See Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996). We have repeatedly held that district courts have broad discretion to manage their dockets. *See, e.g., Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706-07 (7th Cir. 2006) (citing *Koszola v. Bd. of Educ. of the City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004)); *Grayson v. O'Neil*, 308 F.3d 808, 817 (7th Cir. 2002). Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants. *See Reales*, 84 F.3d at 996 (recognizing authority to enforce deadlines and deny extensions); s*ee also United States v. Microsoft*, 253 F.3d 34, 100 (D.C. Cir. 2001) ("An appellate court will not interfere with the trial court's exercise of its discretion to control its docket . . . except upon the clearest showing that the procedure resulted in actual and substantial prejudice to the complaining litigant.") (quoting *Eli Lilly & Co., Inc. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)).

Nowhere in the Federal Rules of Civil Procedure is there a prohibition on a court's recognition of a pleading attached to a motion. Rule 7(a) sets forth a conclusive list of pleadings a federal court may allow, one of which is an answer to a complaint. *Haven v. Polska*, 215 F.3d 727, 732 (7th Cir. 2000). Rule 7(b), on the other hand, describes the manner in which a motion should appear. Neither rule stretches as far as Bauer wishes because Rules 7(a) and (b) do not limit the methods by which a pleading may be filed.

Bauer failed to abide by the court's orders and chose to gamble on the theory that the court did not have the discretion to accept the Union's answer and counterclaim. Although few opinions have addressed Bauer's theory at length, recognizing pleadings attached to motions is nothing new to federal courts. *See, e.g., Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985) (affirming district court ruling recognizing an answer and response attached to a motion for leave to file defensive pleadings); *In re World Access, Inc.*, 301 B.R. 217, 220 n.1 (N.D. Ill. 2003) (recognizing an amended complaint attached to a motion for leave to file an amended complaint *instanter*); *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1287-88 (N.D. Ill. 1988) (same). Bauer does not cite to a single case which holds that attaching a pleading to a motion for leave to file *instanter* is contrary to the Federal Rules of Civil Procedure. Rather, Bauer's brief cites opinions that merely reiterate the undisputed proposition that a motion is not a pleading.

The practice of accepting pleadings attached to motions for leave to file *instanter* is one of judicial economy and

is within a district court's discretion. Requiring the Union to re-file its eighty-page pleading separately would be inefficient and serves no useful purpose. The district court was, therefore, within its discretion to accept the pleadings, enforce its deadlines, and grant the counterplaintiffs' motion for entry of judgment. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (recognizing that district courts may impose sanctions, default, or dismissal in the exercise of their broad discretion to control their dockets).

The Federal Rules themselves instruct us to construe and administer their provisions to do substantial justice and to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1, 8(e). In light of this principle, a plain reading of Rules 7(a), (b), and 10 demonstrates that Bauer's interpretation is unreasonable. The district court granted the counterplaintiffs' motion for leave to file *instanter* and accepted the attached answer and counterclaim. Although Bauer does not deny that it received the pleading, Bauer is essentially asking the court to ignore its repeated failure to reply and to deny Union relief on the basis of a non-existent technicality. We decline to adopt this interpretation.

### C. Bauer Did Not Follow the District Court's Orders to Respond to the Answer and Counterclaim

Bauer also contends it was not required to file an answer because the district court ordered Bauer to "respond" to the Union's motion for entry of judgment. Bauer, once again, relies on Rule 7(a) to argue that by ordering

Bauer to "respond," the judge was actually requesting a response to the motion, not a "reply" to the counterclaim. As a result, Bauer argues that the district court erred in granting the Union's motion and in denying Bauer's motion to vacate the default judgment under Rule 59(e).

As an initial matter, Bauer asserts that this ruling should be reviewed de novo because it is a continuation of an improper application of the Federal Rules of Civil Procedure. This argument is meritless. Bauer cites Rules 7(a) and 10 in an attempt to demonstrate that the Union's answer had not been properly filed. For the reasons outlined above, neither rule addresses the issue at hand. Further, the district court did not expressly reject Bauer's interpretation of the Federal Rules. Instead, it explicitly acknowledged the counterclaim and gave Bauer another opportunity to respond. The denial of Bauer's motion to vacate judgment was a result of Bauer's failure to follow the court's instructions and this did not require any application or interpretation of Rules 7(a) or 10. Therefore, de novo review is not appropriate.

We review the denial of a motion to vacate judgment for an abuse of discretion. *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006). Under this standard, "the proper inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place, but rather whether any reasonable person could agree with the district court." *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004) (citation omitted). Where a party willfully disregards the procedures of the court, we have held that the district

court is justified in entering default against that party. *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citing cases).

As for Bauer's claim that the district court's orders did not require it to reply to the counterclaim, it is also meritless. Rule 7(a) lists the types of pleadings allowed by federal courts. Rule 7(a)(3) allows an answer to a counterclaim designated as a counterclaim, and Rule 7(a)(7) allows a *reply* to an answer if the court orders one. Although "reply" is the terminology used in Rule 7(a)(7), it is not a magic word. Since the court clearly sought an answer to the counterclaim, Bauer cannot rely on the district court's use of the word "respond" to excuse its default. *Cf. Belovo v. Carter*, 447 F.3d 979, 981 (7th Cir. 2006) (rejecting plaintiff's reliance on a typographical error in the district court's order that stated an incorrect deadline when it was clear that plaintiff knew the correct date and suffered no prejudice). The confusion that Bauer attempts to ascribe to the district court proceedings is simply not reflected in the transcripts. Rather, as the following exchange with Bauer's attorney, Mr. Brewer, reflects, the court ordered a response to the counterclaim:

> The Court:     I mean, I will grant them leave right now just to resolve the problem that the complaint attached to the exhibit will be recognized as the counterclaim.
>
> Mr. Brewer:    Then we would ask for time to file a response to the pleading, Judge.

The Court:      How much time do you want?

Mr. Brewer:     28 days to do that, please.

Ms. Ilg:        Your Honor, they have had a copy of this [counterclaim] for over three months.

The Court:      You don't need 28 days. I will give you 14 days to respond to it.

The district court unambiguously recognized the attached complaint as a counterclaim, and Bauer's attorney requested additional time to respond to it. The court's use of the word "respond" instead of "reply" is of no consequence, especially in this instance where the instructions were clear.


## D.  Bauer's Due Process Rights Were Not Violated

Bauer next argues that its due process rights were violated when the district court granted the Union's motion for entry of judgment and dismissed Bauer's complaint without hearing it on the merits. Bauer did not raise this argument before the district court; therefore, it is waived on appeal. *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 797 (7th Cir. 2008). Nonetheless, this argument also lacks merit. Due process does not require that the defendant in every civil case actually have a hearing on the merits. *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). All the constitution requires is an opportunity for a hearing granted at a meaningful time and in a meaningful manner. *Id*. In

other words, the district court was only required to give Bauer notice and an opportunity to respond to the counterplaintiffs' motion for entry of judgment. *Davis v. Hutchins*, 321 F.3d 641, 645-46 (7th Cir. 2003) (citation omitted).

There is no doubt that Bauer received such an opportunity, which included an extension to file a reply to the Union's counterclaim. Furthermore, the dismissal of Bauer's complaint does not give rise to any additional due process violations. Bauer failed to appear at the hearing on the motion for judgment on its complaint, thus squandering yet another opportunity to be heard. Because Bauer failed to address the underlying issue on the merits on numerous occasions, the court's entry of judgment did not violate Bauer's due process rights.

### E.  The District Court Did Not Abuse its Discretion in Awarding Attorneys' Fees

Finally, Bauer contends that the district court erred in failing to consider its specific objections to the counterplaintiffs' time entries submitted in support of their motion for attorneys' fees. For instance, Bauer claims that a large number of the time entries are excessive and redundant, including 12.6 hours billed to draft a six-page reply brief and 5.2 hours billed to research and draft a four-page petition for intervention.

Our review of an attorneys' fees award is limited to a "highly deferential" abuse of discretion standard. *Estate of Borst v. O'Brien*, 979 F.2d 511, 514 (7th Cir. 1992) (citation

omitted); *Greviskes v. Univ. Research Ass'n, Inc.*, 417 F.3d 752, 760 (7th Cir. 2005). When determining the reasonableness of attorneys' fees, a "lodestar" analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). We have also considered the proportionality of attorneys' fees to the total damage award as a factor in determining the overall reasonableness of the fee request. *See Moriarty ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717-18 (7th Cir. 2005).

The counterplaintiffs provided a highly detailed fee statement itemizing the hourly rates of the attorneys and paralegals, as well as the number of hours spent on each task. Bauer does not contest the rates charged but, rather, alleges that the time billed on some of the tasks was excessive and, in some instances, "offensive to the legal profession." Yet, without any suggestion from Bauer as to how long such tasks should take, it is unclear where Bauer draws the line of excessiveness. Indeed we have struck down a number of fee requests where we found that the number of hours billed were unreasonable. *See, e.g.*, *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 342-43 (7th Cir. 2007) (finding 33.25 hours excessive to prepare a petition that consisted of a six-page argument, a three-page affidavit, and several computer generated billing records); *Budget Rent-A-Car System, Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (denying a fee request that billed 13.7 hours to drafting a four-page jurisdictional memo that cited five cases). However, after

reviewing each of the contested time entries here, none of the fees awarded are so unreasonable as to amount to an abuse of discretion. In assessing fee requests, we recognize that the "fuzziness of the criteria . . . ensures that people seeking opportunities to contest the fees will not need to search hard." *Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Bauer's vague assertions of excessiveness are no exception. Nonetheless, we defer to the district court's assessment because it was familiar with the case and therefore in the best position to assess its complexity and the appropriate amount of time required for each task. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999) ("The district court is in the best position to determine the worth of the attorneys practicing before him."). Based on the information provided in the fee petition, we cannot say that the district court abused its discretion in finding the fee request reasonable.[3]

---

[3] The appellees requested attorneys' fees on appeal based on the terms of the arbitration award, 29 U.S.C. § 185, and ERISA, 29 U.S.C. § 1132(g)(2)(D). We agree that 29 U.S.C. § 1132(g)(2)(D) is a fee shifting statute, which presumptively entitles the Union to recover fees on appeal. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)). Therefore, the appellees may file an application in the district court, within 14 days of this judgment, for the reasonable fees, costs, and expenses incurred in this appeal.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.