**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019*
Decided February 12, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1849

| | |
|---|---|
| MIRANDA D. CHAUDHRY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cv-04882 |
| AMAZON.COM.DEDC, LLC, *Defendant-Appellee*. | Ronald A. Guzmán, *Judge*. |

## O R D E R

Miranda Chaudhry, who previously worked at an Amazon Fulfillment Center, sued her former employer for discrimination, retaliation, and hostile work environment under the Americans with Disabilities Act, 42 U. S. C. § 12101 *et seq.* She asserted that after she returned from medical leave, Amazon prevented her from clocking in normally, denied her workers' compensation, hacked her email accounts, and told

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

employees about her disability, enabling them to mock her for it. The district court granted Amazon's motion to dismiss, concluding that Chaudhry had not plausibly alleged that she is disabled or that she had suffered an adverse employment action; further, she described no specific instances of conduct that might constitute discrimination, retaliation, or hostile work environment. We affirm the judgment.

According to her original complaint and two supplemental filings, Chaudhry encountered an unidentified white powder from a package with a biohazard label while working at the Amazon warehouse. The powder irritated her skin, and she reported to the on-site medical center, where she received cortisone ointment. A month later she visited Kenya, became "seriously ill" while there, returned to the U.S. for treatment, and went on medical leave. She maintained that her earlier exposure to the white powder caused her illness. Chaudhry soon returned to work but quit 20 days later, allegedly because of a hostile work environment and her belief that Amazon played a role in robbing her home, improperly surveilling her, stealing her identity, and making fraudulent purchases with her credit cards. She filed an EEOC charge, then sued Amazon under the ADA; before any response, she amended her complaint as a matter of right. *See* FED. R. CIV. P. 15(a).

The district court granted Amazon's timely motion for extension of time to respond to Chaudhry's first amended complaint, and later granted Amazon's motion to dismiss it for failure to state a claim. The court gave Chaudhry another opportunity to re-plead. In her second amended complaint Chaudhry alleged that after she returned to work, Amazon employees knew about her medical condition—she asserted she was diagnosed with "expressive aphasia"—and mocked her for it; she had to sign in to work on a notepad for over a week because her ID badge had not been reactivated; and Amazon failed to pay her "worker's compensation." Chaudhry further alleged that her personal email accounts were hacked and that, after she resigned, her house was twice burgled; she believed Amazon was to blame.

On Amazon's motion, the district court dismissed Chaudhry's second amended complaint with prejudice, again concluding that the complaint did not contain plausible allegations that Amazon engaged in disability discrimination. The district court also dismissed the workers' compensation claim, determining that it could not be brought in federal court. Chaudhry appeals.

In assessing Chaudry's arguments, we have read her brief liberally, but we will address only the arguments that can be fairly discerned. *Anderson v. Hardman*, 241 F.3d

544, 545 (7th Cir. 2001); *see* Fed R. App. P. 28(a). Under this standard, Amazon is correct that Chaudhry fails to present or support, and therefore has waived, any argument that her second amended complaint stated a claim. *See Silk v. Bd. of Trustees, Moraine Valley Cmty. Coll., Dist. No. 524*, 795 F.3d 698, 709 (7th Cir. 2015). In Chaudhry's "Statement of the Case" and "Statement of the Facts" sections, she vaguely describes some proceedings related to the second motion to dismiss, and in the "Argument" section, she cuts and pastes (without attribution) three large sections from two Wikipedia articles: one describing diversity jurisdiction, one discussing motions to dismiss and their history, and another describing summary judgment. But she never attempts to explain why the district court was wrong to conclude that her complaint did not state a valid claim, nor does she make any argument for why we should conclude otherwise. This is a fatal flaw: "we are not in the business of formulating arguments for the parties." *Hall v. Flannery*, 840 F.3d 922, 927 (7th Cir. 2016).

Chaudhry does raise one argument we can understand: she asserts that the district court improperly granted Amazon's request for an extension of time to respond to her first amended complaint. She contends that the court was wrong to grant the extension because Amazon waited too long to ask for it and because the court did not hold a hearing on the request before granting it.

Chaudhry's argument is frivolous. Amazon made a routine request for an extension of time to file a responsive pleading and did so a week before the filing deadline. Amazon explained that its recently retained counsel needed time to research the issues before responding. The decision to grant the motion was well within the district court's "considerable" and "broad" discretion to manage its docket how it sees fit. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012); *A. Bauer Mech., Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009).

AFFIRMED